E. J. McCaskey v. The State.

No. 3431. Decided February 24, 1915.

**1.—Robbery—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Former Acquittal—Variance—Former Jeopardy.**

Where, upon trial of robbery with firearms, the indictment described the property taken as one ten-cent piece, commonly known as one dime, etc., and the case went to trial and the facts showed that the property taken was two five-cent pieces of money, commonly known as nickels, etc., this constituted a fatal variance, and there was no error in permitting the State to dismiss the case and permit a new indictment to be filed describing the alleged property as two nickels, and the acquittal of the defendant in the first case was not former jeopardy in the trial of the second case.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*P. H. Spiller* and *V. M. Clark,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of robbery and his punishment assessed at fifteen years in the penitentiary.

Appellant contends that the evidence is insufficient to sustain the verdict. We think it unnecessary to recite the evidence. That the robbery was committed by Pat Lynch and another man was proven beyond controversy. The only question as to the sufficiency of the evidence would be whether appellant was that other man, or whether it was some other. The man who was robbed identified, and swore positively that it was Pat Lynch and appellant who robbed him. There were many circumstances tending to corroborate his testimony as to the identity of appellant as the other party with Pat Lynch who robbed him. Appellant and Pat Lynch both testified that it was not appellant but another party. This was a question for the jury, and, as stated, the evidence was amply sufficient to sustain the finding that it was appellant and not another party.

The only other question in the case is whether or not appellant had been tried and acquitted of this offense under a previous indictment. Appellant plead that state of fact, but, in attaching a certified copy of the judgment of acquittal, attached instead a judgment showing that upon his motion to quash the previous indictment it was quashed, and that that was the disposition of the case. If that was true, of course, former jeopardy did not attach, but appellant claimed that that judgment was erroneous; that instead of his making a motion to quash the indictment that the case went regularly to trial, the witnesses were introduced and it was discovered that the proof did not correspond with the allegations of the indictment and thereupon the court permitted the State to dismiss that case, which he claimed was done. He made a motion to enter such an order nunc pro tunc and set aside the previous order showing that the indictment was quashed on his motion. The court, for some reason, refused this. It is unnecessary to go into the merits of this question as we will now show.

The first indictment was found some time in the early part of the year 1914, the exact date not given, charging that on January 10, 1914, said Pat Lynch and appellant, by assault and by violence, with the other proper allegations, with a firearm, robbed C. G. Burton of "one ten cent piece, commonly known as one dime, the same being then and there lawful current money of the United States of America of the value of ten cents." Soon after this indictment and some time before April 18, 1914, that case went to trial when the proof showed that Burton, instead of being robbed of a ten cent piece, a dime, was in fact robbed, as charged in the indictment in this case, which was found April 18, 1914, of "two five cent pieces of money, commonly known as nickels, the same being then and there lawful current money of the United States of America, of the value of five cents each and of the

total value of ten cents." This proof, of course, constituted a fatal variance. And it seems that when this was discovered by the proof on the first trial that the State dismissed that case and later the grand jury indicted Lynch and appellant for robbing Burton of the two nickels as shown above. An acquittal of appellant for robbing Burton of "one ten cent piece, commonly known as one dime, etc.," as charged in said first indictment, could not and would not put him in jeopardy for robbing Burton of "two five cent pieces of money, commonly known as nickels, etc.," as charged in the indictment in this case. So that in no contingency did the court err in striking out appellant's plea of former jeopardy which showed this difference between the two indictments. See Branch's Crim. Law, sec. 398, and authorities there cited. We deem it unnecessary to discuss the question further. The judgment is affirmed.

*Affirmed.*