Appellant was convicted in the District Court of Tyler County of robbery, and his punishment fixed at five years in the penitentiary.
There seems no dispute of the fact that on June 3, 1921, the Guaranty State Bank of Colmesneil, Tyler County, Texas, was robbed. The indictment charged the assault as made upon Lee Feagin and that the robbery was one perpetrated upon Feagin. Feagin was cashier of said bank and was the only person connected therewith, who was present when the robbery was committed. Something over one thousand dollars was taken. Three men actively participated in the robbery of Mr. Feagin, the handling of the weapons, and the taking of the money in question. It was the State's theory that appellant was a principal offender with these three, his part in the robbery being to plan same, he being a resident of the town in which the robbery occurred and being familiar with the lay of the land and movements of the officers of the bank; that on the day of the robbery he was in and around the bank observing the movements of its employes and customers and when the time most suitable for a successful attack came, that he gave an agreed signal to his confederates who immediately appeared and committed the robbery. According to the testimony of accomplice McDow, appellant was to take note of conditions from a point of observations on the front porch of the bank, and that when in his judgment the proper time came he was to quit reading a newspaper held in his hand and to walk away from the porch. It was shown by abundant testimony that appellant was around the bank on the morning in question, — that he apparently had no business there and did not seek to be waited on. Just at noon appellant was on the porch of the bank apparently reading a newspaper, two employes of the bank went to lunch, a colored customer of the bank came up, went in, was waited on and walked away. Appellant closed his newspaper and started away from the porch. His confederates immediately went into the bank, presented their pistols, procured some money, and encountered unexpected resistance on the part of Mr. Feagin which precipitated a shooting, and the robbers fled. Appellant was shortly afterward importuned to assist in their capture, to use his car for that purpose. He pleaded a headache, a flat tire, that he had lost nothing, and that he would be taking a good chance to get hurt. *Page 34 
These matters were in testimony for the State. It was further shown that appellant and his sister and the wife of accomplice McDow in one car, and his three confederates in another car, came from Beaumont to the vicinity of Colmesneil a couple of days prior to the robbery, and that appellant's confederates camped some miles from the town out in the woods and that he supplied them with food and consulted with them in the planning and preparation for the robbery as above set out. Various corroborating circumstances were in evidence not necessary to enumerate. We will not attempt to discuss at length all of the complaints of appellant, though all have been considered.
A venire of sixty men was ordered. In its drawing four names were duplicated. No wilful violation of the court's order was shown and no ground would thus appear for quashing the venire.
There were two capital cases on the docket of the trial court, the Powers case and the instant case; that the Powers case was set for a day later than that of the setting out of this case, and that its venire was first drawn and consumed the majority of the regular jury list for the term, not leaving enough for the whole of appellant's venire, presents no reversible error. The Powers case may have been the older case, and may have been first set and its venire first ordered by the trial court, for all this record shows to the contrary. Aside from this, it is shown that a jury was obtained in appellant's case without exhausting his peremptory challenges.
The bills of exception complaining of the refusal of the court to order attachments for absent veniremen are qualified by the trial court and the qualification accepted by appellant, it being stated that attachments were ordered for defaulting veniremen and all those who could be found by the sheriff were brought in, and that the jury was obtained without exhausting appellant's peremptory challenges.
Appellant filed a plea of jeopardy setting up that at a former term of the court he had been placed upon trial under an indictment charging him with this robbery, and that after issue had been joined between him and the State, the court had discharged the jury. It is unquestioned that the proceedings had at a former term were before the same court hearing the instant trial. Without dispute it was shown that at said former term, after trial had begun, appellant moved the court to quash the indictment against him and that his motion was granted. These facts being true, jeopardy did not attach. Carroll v. State,50 Tex. Crim. 487; Mays v. State, 28 Texas Crim. App., 484; Branch v. State, 20 Texas Crim. App., 599. A special charge to the effect that if appellant had been brought to trial upon an indictment sufficient, and said indictment had been quashed or a dismissal had after plea by the accused, that he should be acquitted, was correctly refused. Such a charge *Page 35 
did not state the law applicable to the facts of this case, nor is it correct as an abstract legal proposition. Many cases might be instanced wherein the trial court would be warranted in discharging the jury after a trial was partially had, — without the attachment of any jeopardy. As far as we are informed it is uniformly held that where the former trial was brought to a close at the request of the accused, he may not thereafter seek to set up jeopardy as a defense based on the fact of such termination of said trial. In McCaskey v. State, 76 Tex.Crim. Rep., 174 S.W. Rep., 338, after issue was joined, the accused secured quashal of the indictment; held no predicate arose for a plea of jeopardy. In Dunn v. State, 92 Tex.Crim. Rep., 242 S.W. Rep., 1054, the jury were discharged at the request of or with the consent of the accused, and the court held it no basis for a plea of jeopardy. The same rule, and based on the same principle, applies in a case wherein on appeal a reversal is obtained by the accused. The matters and facts having transpired in the same court, there was no error in the refusal to submit the plea of jeopardy in the instant case, or in the rejection of the special charge referred to.
Separate indictments were returned against appellant and the men who were alleged to be implicated in the robbery with him. Affidavits of the parties to said crime were filed each asking that the others be first tried. In such case under Art. 727 Vernon's C.C.P., it became the plain duty of the court below to decide which should be first tried, and he having decided that appellant's case should be first, there exists no ground for complaint.
The court instructed the jury that the witness McDow was an accomplice, and gave the following charge:
"You are instructed that you cannot convict the defendant upon J.C. McDow's testimony unless you first believe that the testimony of said J.C. McDow is true, and that it connects the defendant with the offense charged in the indictment and unless you further believe there is other evidence in the case corroborative of the testimony of said J.C. McDow tending to connect the defendant with the commission of the offense." This was excepted to. It will be noted that this is almost in the form laid down in Campbell v. State, 57 Tex.Crim. Rep., which has been followed a number of times by this court. The form laid down in the Campbell case is objectionable in at least two particulars. One is in its use of the word "alone". It is plain that the jury should never be told that they can convict on the testimony of the accomplice "alone", for this is just what they cannot do under our statute. A further objection to said form is that it is not enough in every case that the testimony of the accomplice "connect the defendant with the offense charged." Such accomplice testimony might be believed to be true, and it might connect the accused with the offense *Page 36 
charged, and still not establish the guilt of the accused beyond a reasonable doubt. Illustrations might easily be multiplied: A, an accomplice, might swear that he saw B, the accused, present at a time and place when C, deceased, was killed. He might testify that he saw B have in his hand a pistol at such time and place; that he saw D, who was also charged with the murder, run away from the scene of the homicide down the street and that B ran after him. Under the form of charge laid down in Campbell v. State, supra, the jury might believe the testimony of the accomplice to be true, and that it connected the accused with the offense charged, in which event under said charge they might convict. This could be manifestly wrong. If the other evidence in the case made it fairly appear that B's action and connection with the offense were for the purpose of preventing the crime, or his running after D was for the purpose of arresting him, — it would be clearly at variance with right, justice and law to tell the jury they could convict if they believed the testimony of the accomplice to be true and that it connected the accused with the crime charged. The charge in the Campbell case should omit the word "alone" and that part of the charge should conclude as in Oates v. State, 67 Tex.Crim. Rep., with a statement that the accused cannot be convicted in any event unless from all the testimony in the case the jury believe beyond a reasonable doubt that he was guilty.
The charge in the instant case properly omits the word "alone," but tells the jury they can convict it they believe the testimony of the accomplice to be true and that it connects the accused with the offense. Two questions then arise. In Watson v. State, 90 Tex.Crim. Rep., 237 S.W. Rep., 298, we expressed the view that when the evidence of the accomplice, if true, not only connected the accused with the offense but also so completely made out the offense charged as to leave no reasonable doubt of guilt, and the corroboration was sufficient, — we would not reverse merely because the form of charge laid down in the Campbell case was followed. This would be sound because we could see no injury from the giving of such charge. In addition to the consideration just referred to, in the instant case the trial court gave a special charge asked by appellant, which is as follows:
"You are instructed that unless you believe from the evidence beyond a reasonable doubt in this case that the defendant, Bryan Abbott, was present at the time the offense charged was committed, or if not present, was aiding, abetting, or assisting in the commission of the offense, at the time it was committed, if it was, then you are charged that he would not be a principal."
Under the facts in the instant case if the jury believed the testimony of accomplice McDow, they would necessarily conclude that appellant was connected with the offense, but in absence of an instruction *Page 37 
such as that contained in said special charge, they might have concluded that his connection was that of an accomplice, that is, that he planned and prepared for the offense but was not present when it was actually committed. We have always held that this court must take the entire charge, both the main charge and the special charges given, as a whole and so consider them in the light of the facts in any given case in determining the sufficiency of the instruction. So doing, we must conclude that the special charge just quoted adds to the form of charge given in this regard, so as that the whole informs the jury that not only must they believe the testimony of the accomplice to be true and that it connects the accused with the offense charged, but also that they must further believe him present when the offense was committed, or if not actually present then, that he was aiding, abetting or assisting in its commission at the very time it was committed; that is, that they must not only believe that appellant planned and prepared the robbery but also that he was either actually present when it was committed or was doing his part in the commission of same at the time.
We are unable to agree with appellant's contention that an instruction to the jury in effect that the accused is not compelled to testify, and that if he sees fit not to do so his failure is not to be taken as a circumstance against him and is not to be referred to by the jury or other persons connected with the case, is such as to call for reversal.
The charge of the court on principals is in accordance with approved forms and was discussed at length in Middleton v. State, 86 Tex.Crim. Rep., 217 S.W. Rep., 1046.
The labor of the court in connection with this case has been much increased by the confused condition of the record. None of the bills of exception are numbered, and they appear in the record in different places without following each other consecutively, and references in appellant's brief to assignments of error without statement of any particular bill of exceptions, has given us much trouble. Assignments of error are not required in the presentation of cases to this court and serve but to confuse us and add to our work. Under the practice in this State in criminal matters all errors of the procedure in the trial courts upon which reliance is had for review in this court, should be preserved by bills of exception, either by separate bill or as in the case of refused charges, by appropriate notation upon some document which becomes a part of the transcript on appeal. When errors are attempted to be presented to us by assignments of error, we are compelled to compare same with the bills of exception which were taken and which latter must be looked to by us in order to determine the soundness of any error set up. The labors of this court have tremendously multiplied in the past few years, the number of cases filed annually at this time *Page 38 
being nearly three times as great as a few years ago, and the profession can greatly aid the court by leaving out of the record matters on appeal upon which reliance is not had and by bringing cases here shorn of unnecessary details or duplications of objections. This court has carefully avoided laying down rules of procedure in the presentation of cases here regarding the manner of briefing or the presentation of cases by assignments of error or by propositions, or other rules, the failure to observe of which might deprive appellants of a consideration of their cases. We much appreciate the simplest sufficient statement of objections, the direct reference to the part of the record presenting the errors complained of and citations of applicable authorities.
We have carefully considered each matter involved in this appeal, and, as stated above, have written only on those that we deem material, but have given careful attention to all others.
Finding no error in the record, the judgment will be affirmed.
Affirmed.
 ON REHEARING. April 25, 1923.