# JANUARY, 1925.

LEE SIMPSON v. THE STATE.

No. 8877.   Delivered January 7, 1925.

Burglary—Special Charges—Refusal of—Must be Excepted to.

There are three special charges in the record simply marked "refused" over the signature of the trial Judge.   To be considered in this court a special charge must show that its refusal was excepted to, or the refusal to give same brought forward by bill of exception.   See Linder v. State, 94 Tex. Crim. Rep. 316, 250 S. W. 703.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for burglary; penalty, five years in the penitentiary.

*Jno. W. Mays & Thomas C. Tripp,* of Ft. Worth, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary with punishment assessed at confinement in the penitentiary for five years.

It is unnecessary to set out the facts.   They support the judgment. No objections were filed to the court's charge and the record contains no bills of exception.   Three special charges were requested by appellant all of which were refused.   They are simply marked "Refused" over the signature of the trial judge.   There is no notation on any of the charges that exception was served to the action of the court.   We have frequently held that the refused charge itself must bear notation over the judge's signature showing that its refusal was excepted to or that a bill of exception conveying such information should be found in the record, otherwise, the refusal of the special charge would not be reviewed.   The question was considered and dis-

cussed at length in Linder v. State, 94 Texas Crim. Rep., 316, 250 S. W. 703.

No error appearing in the record the judgment is ordered affirmed.

*Affirmed.*