RALEIGH BILBERRY V. THE STATE.

No. 9722.    Delivered March 24, 1926.

1.—Manslaughter—Argument of Counsel—On Defendant's Failure to Testify—Reversible Error.

Where, on a trial for manslaughter, the state having proven by the witness Buttrell that the day before the homicide appellant requested Buttrell to get him some cartridges, without telling him the purpose for which he wanted them, the discussion of this incident by the state in the light of the fact that no one but appellant and witness was present at the time of the occurrence, and that the appellant did not testify, was a direct allusion to appellant's failure to testify, and a reversible error. See Art. 710 C. C. P., 1925. Following Hext v. State, 271 S. W. 81; Grimes v. State, 271 S. W. 898.

2.—Same—Charge of Court on Provoking Difficulty—Held Correct.

Where the charge of the court correctly presented the law of provoking the difficulty, and affirmatively charged the converse of the proposition, as it was presented by the evidence, no error is discovered in the exceptions raised by appellant to the charge.

Appeal from the District Court of Stonewall County.    Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for manslaughter, penalty five years in the penitentiary.

The opinion states the case.

W. H. Murchison of Haskell, J. F. Cunningham of Abilene, for appellant.

Stinson, Coombs & Brooks of Abilene, Sam D. Stinson, State's Attorney, and Nat Gentry Jr., Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Stonewall County of the offense of manslaughter, and his punishment assessed at five years in the penitentiary.

The record discloses that the appellant killed Flurry Gibson at a public gathering, about the 7th of April, 1924, by shooting him with a pistol. The appellant, the deceased and others, after the business at said gathering was over, met in the vestibule or near the door of the school house, and the appellant remarked to the deceased that he, deceased, had turned his "distill outfit in," to which the deceased replied that he had not done so. The appellant then said to deceased, "Well, god-

damn you, you have been telling it around over the country," to which the deceased replied that he had not. The appellant then said, "Yes, goddamn you, you have, too." The deceased asked the appellant to stop cursing him, and appellant replied, "Well, goddamn you, come on out." The deceased told him to keep his shirt on and wait and find out what he was cursing about before he said too much, and appellant said, "Well, goddamn you, it is here for you, come on." The deceased then hit the appellant with his fist, staggering him, whereupon the appellant shot the deceased three times with a pistol, which caused his death.

The appellant did not testify, but the evidence introduced by him raised the issue to the effect that he had gone to the gathering to see one Mr. Rimes about getting a fresno or road scraper, and that the reason he was armed was to protect himself from threats made by parties supposed to be members of the Ku Klux Klan. This is a sufficient statement of the facts for a discussion of this case.

Appellant presents but two questions in this brief upon which he relies for reversal of this case. The first is that the private prosecutor in his closing argument to the jury alluded to the failure of the defendant to testify, and stated:

"They (meaning defendant's counsel) complain because the state introduced Buttrell to show the purpose to commit the deed, equipping himself (meaning the defendant) with ammunition to kill a man, and that stands today unexplained in this case, that is absolutely unexplained."

This bill shows that appellant, the day before the homicide, asked the state's witness, Buttrell, to buy him some cartridges, without telling the purpose for which he wanted them, and that when the witness bought them and gave them to the defendant, no one was present, and nothing else was said about the matter. It is the contention of the appellant's counsel that this was an allusion to the failure of the defendant to testify and in strict violation of Art. 710 C. C. P., 1925 Code, Vernon's Statutes, Art. 790, which states that a failure of the defendant to testify shall not be taken as a circumstance against him "nor shall the same be alluded to or commented upon by counsel in the cause." We think under the facts of this case that this statement could only allude to the defendant's failure to testify and explain the purpose of getting these cartridges, as no one but him and Buttrell were present, and he did not disclose his purpose to Buttrell, and therefore no one but him knew such purpose, and said argument was clearly prohibited under the

mandatory provisions of Article 710, supra, which necessitates the reversal of this case. Hext v. State, 271 S. W. 81; Grimes v. State, 271 S. W. 898. It is true that the trial court instructed the jury not to consider said argument, but this court has many times held that the injury done to the defendant under such circumstances could not be cured by the court's charging the jury to disregard the same. For collation of authorities see Branch's Ann. Penal Code, Sec. 375.

The second objection is that the trial court having submitted in his charge to the jury the law relative to provoking a difficulty, committed error in not affirmatively instructing the jury to the effect that if the appellant went to the scene of the killing for a lawful purpose, and while there used said language towards the deceased, but he did not intend thereby to provoke a difficulty, then his right of self-defense would not be abridged. The appellant does not specifically object to the court's charge for the reason above stated, but excepted to the charge as follows:

"Defendant says in this connection that if his words or acts or both provoked an assault by deceased upon the defendant, without any intention upon the part of the defendant to provoke said assault, and if he killed the deceased in his own self-defense, as defined in the charge of the court, the fact that the deceased was provoked by the acts and words of the defendant would not deprive him of his right of self-defense."

The court in subdivision (b) of the twelfth paragraph of his charge on this issue charged the jury as follows:

"But in this connection, with the foregoing charge upon provoking the difficulty, you are further instructed that you *must* not only believe that defendant used the language relied on by the State to show provocation of deceased, but you must further believe that the defendant intended such language, if any, to provoke a difficulty, and that such language, if any, was reasonably calculated to and did actually provoke a difficulty in which the deceased was killed, and unless you so believe from the evidence beyond a reasonable doubt, you will not consider this paragraph, which is paragraph XIIa of the court's charge, as in any way limiting the defendant's right of self-defense."

We think that the above charge given by the court fully covers the objections and exceptions raised by appellant to the charge, and the record shows no error in the particulars complained of.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.