### CLARK CARPENTER V. THE STATE.

No. 10953.  Delivered October 5, 1927.

Rehearing denied November 2, 1927.

**1.—Theft—Accomplice Testimony—Charge of Court—Correct.**

Where appellant complains of the court's charge on accomplice testimony because it fails to instruct the jury that they must believe that the accomplice's testimony showed that the appellant was guilty as charged. We cannot agree with this criticism.

**2.—Same—Continued.**

It is not necessary that the accomplice testimony make out a complete case, but only that his testimony connects the appellant with the offense, but the jury must be told that they must believe from all the evidence, beyond a reasonable doubt, that the defendant is guilty before they could convict him. See Henderson v. State, 260 S. W. 868, and Standfield v. State, 208 S. W. 532.

**3.—Same—Charge of Court—On Value of Stolen Property—Correct.**

Where the court charged the jury that if they believed that appellant took the property described in the indictment, and that the property so taken, or any part thereof, was of the value of fifty dollars or more the offense would be a felony, such charge could not be construed as an affirmative instruction that the property taken was of the value of fifty dollars or over.

**4.—Same—Charge of Court—On Misdemeanor Theft—When Required.**

While it is necessary where there is a doubt as to the value of the stolen property being of fifty dollars or more, the court should submit the issue of a misdemeanor theft in his charge, in the instant case, how-

ever, the property stolen was shown conclusively to be of several ·hundred dollars in value, and a charge on misdemeanor theft was not called for.

**5.—Same—Confession of Accused—Oral Statements—When Admissible.**

There was no error in admitting evidence of oral statements made by the appellant to officers after his arrest, such statements leading directly to the discovery of the stolen property.   See Branch's Ann. P. C., Sec. 63, p. 36.

**6.—Same—Charge of Court—Objections To—How Preserved.**

Appellant's complaint of the court's failure to charge the jury on the law of accomplice testimony as applied to the witness Joe Hill cannot be considered, as appellant reserved no exception to such failure.

ON REHEARING.

**7.—Same—No Error Shown.**

On rehearing, nothing is made to appear that the disposition of this case in our original opinion was erroneous, and appellant's motion for rehearing is overruled.

Appeal from the District Court of McLennan County.   Tried below before the Hon. Richard I. Munroe, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Weatherby & Rogers,* and *McNamara; Scott & Jaworski* of Waco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The offense is theft of property over the value of fifty dollars, the punishment confinement in the penitentiary for two years.

The first bill of exception complains of the charge on accomplice testimony, it being asserted by appellant that the court assumed in his charge that the testimony of the accomplice made out a case against him, and further that the court instructed the jury that they must believe that the testimony of the accomplice connected the defendant with the offense charged, when he should have embodied in his charge an instruction that the jury must believe that the testimony of the accomplice showed that the defendant was guilty as charged.   Under the facts of the case, the charge is in accord with the decisions of this court. The charge complained of is as follows:

"Now, if you are satisfied from the evidence that the witness Douglas Johnson was an accomplice or you have a·reasonable

doubt as to whether he was or not, as that term is defined in the foregoing instructions, then you are instructed that you cannot convict the defendant upon his testimony, unless you first believe that the testimnoy of said Douglas Johnson is true, and that it connects the defendant with the offense charged in the indictment, and unless you further believe from the evidence beyond a reasonable doubt that there is other testimony in the case corroborative of the testimony of said Douglas Johnson tending to connect the defendant with the commission of the offense charged. And before you can convict him at all you must believe from all the evidence in this case beyond a reasonable doubt that the defendant is guilty of the offense charged in the indictment, otherwise you will acquit him."

The witness Douglas Johnson did not testify to facts showing a complete offense, but did testify to facts which connected appellant with the offense charged in the indictment. In substance, the witness testified that appellant and one Murphy brought some automobile casings and inner tubes to the witness' home about 3 o'clock in the morning and requested the witness to keep them. The witness demurred, but finally agreed to keep the casings and tubes, and did keep them until they were recovered by an officer. Other witnesses, testifying for the state, showed that the filling station of B. M. Hays had been burglarized and that the property found in the possession of the witness Johnson had been taken from said filling station. After his arrest by an officer appellant told the officer where the stolen property was concealed and went with the officer to the home of the witness Johnson, where seven casings and fifteen or sixteen inner tubes were removed from under a bed by Johnson and delivered to the officer. In connection with the statement to the officer, which led to the recovery of the stolen property, appellant told the officer that he and one Murphy drove to the filling station, and that he (appellant) sat in the car while Murphy went to the back of the filling station, broke into the place, and placed the casings and tubes in the car.

The charge in the instant case substantially conforms to the charge approved by this court in the case of Oates v. State, 149 S. W. 1194, except that the objectionable word "alone," condemned by this court in Abbott v. State, 250 S. W. 188, has been omitted from the present charge. In the Oates case, as in the instant case, the accomplice testified to facts which connected Oates with the offense, but did not testify to facts which constituted a complete offense. As in the present case, the jury were instructed in the Oates case, in the concluding words of

the charge on accomplice testimony, in substance, that they must believe from all the evidence, beyond a reasonable doubt, that the defendant was guilty as charged before they could convict him. See Henderson v. State, 260 S. W. 868. The charge in the instant case conforms to the suggestions made in the case of Standfield v. State, 208 S. W. 532, and under the facts, clearly presents the law of accomplice testimony.

By bill of exception No. 2, complaint is made that the court's charge, in effect, instructed the jury that any portion of the property alleged to have been stolen was of the value of fifty dollars, and that by such instruction the jury was led to believe that the defendant was guilty of the theft of property of the value of fifty dollars, regardless of the value of the property taken. The charge complained of is not subject to this criticism. The court charged the jury as follows:

"Now, if you believe from the evidence beyond a reasonable doubt that the defendant Clark Carpenter, either alone or in connection with another in the County of McLennan, and State of Texas, on or about the 18th day of October, 1926, as alleged, fraudulently took from the possession of B. M. Hays the property or any part thereof described in the indictment and that the said property was the property of the said B. M. Hays, without the consent of the said B. M. Hays, with the intent to deprive the owner of the value of the same and to appropriate it to the use and benefit of him, the said defendant, and the said property so taken, if any, was of the value of fifty dollars, or more, then you will find the defendant guilty of theft of property over the value of fifty dollars as charged in the indictment."

By bill of exception No. 3, appellant asserts that the court erred in failing to instruct the jury on the law of misdemeanor theft. In excepting to the court's charge in this respect, appellant asserts that there was no evidence in the record that any property of the value of fifty dollars was taken at one time. Where there is a doubt from the evidence whether or not a sufficient amount of the property was taken at one time to constitute a felony, the doubt should be resolved by the court in favor of the accused and the law of misdemeanor theft should be submitted to the jury. Garrett v. State, 218 S. W. 1064. As we understand appellant's bill, as qualified by the court, there is no doubt from the evidence that a sufficient amount of the property was taken at one time to constitute a felony. It is shown by the bill of exception that the witness B. M. Hays testified, in substance, that he did not know whether the tires

were taken from the filling station one at a time or all together; that they could not very well have been taken except two or three at a time, and that the highest priced tire taken had a wholesale value of $35.00. The witness further testified that the tubes had a value of four or five dollars each. The court's qualification of the bill shows that the indictment charged appellent with the theft of seven automobile casings and sixteen automobile tubes of the value of $200, and that the stolen property, which was recovered and identified by the witness B. M. Hays, had a value of over $200. It is further shown by the bill, as qualified, that the property was stolen between 1:30 and 6:30 o'clock on the morning of October 19, 1926, and that thereafter the city marshal arrested appellant, and that the appellant told him the tubes and casings were at Doug Johnson's home, about nine miles from town. Appellant went with the officers to Doug Johnson's, where the property was recovered.

By bill of exception No. 4, appellant excepts to the action of the trial court in admitting the testimony of the city marshal touching alleged oral declarations made to said officer by appellant while under arrest; it being asserted by appellant that the declarations were inadmissible for the reason that he was under arrest at the time they were made, and that the statements had not been reduced to writing as required by law. It is shown by the bill, as qualified by the court, that the stolen property was recovered by the city marshal in pursuance of the declarations made to him by appellant. This evidence was admissible under the rule that whether the defendant be in custody or not, his oral or written confession is admissible, if in connection therewith he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property or the instrument with which he states the offense is committed. See Branch's Ann. P. C., Sec. 63, p. 36.

By bill of exception No. 5, appellant complains of the failure of the court to give an instruction on the law of accomplice testimony as applied to the witness Joe Hill. It is unnecessary to discuss this bill further than to say that the bill shows, as qualified, that no objection was made to the court's charge for his failure to give an instruction on the law of accomplice testimony with reference to the testimony of the witness Hill.

Appellant reserved no exception to the court's failure to give this instruction.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing on two grounds, the first being that the charge on accomplices does not go far enough. If the charge went no further than appears from the bill of exceptions there might be some ground for the complaint, but an examination of the charge shows that immediately following that part of same quoted and referred to in the bill of exceptions, the court further told the jury that before they could convict the defendant at all they must believe from all the evidence in the case, beyond a reasonable doubt, that he was guilty of the offense charged in the indictment. This being in the charge renders unavailing appellant's complaint. The cases cited in the motion complain of charges in which the statement referred to is not made.

The other complaint is of the refusal of the court to submit the issue of misdemeanor theft. We have carefully examined the testimony in this case. Same shows that between the closing hours at night and the opening next morning of the place of business of one Hays a large number of automobile casings and tubes were taken therefrom. Eight casings and fifteen tubes were recovered and were identified and their value stated to be more than two hundred dollars. There is not a word of testimony in the record suggesting that any of this property was taken at a time different from that at which all of same was taken. It was altogether when lost and altogether when found. Appellant did not deny the taking. He took the officers to the place where that which was recovered was found. It is a well settled rule that a charge which is not supported by any testimony is not called for. Many cases have been decided by us on somewhat similar facts. We do not believe the court erred in declining to submit the law of misdemeanor theft.

The motion for rehearing is overruled.

*Overruled.*