## W. R. GRAVES V. THE STATE.

### No. 11404.   Delivered February 29, 1928.

**Swindling, a Misdemeanor—Special Charges—Exceptions to Refusal—Rule Stated.**

Where a special charge is requested and refused, it must appear that an exception was taken to the refusal of such charge by notation on the charge itself over the trial judge's signature, or the refusal brought forward by formal bill of exception.   Simply marking such charge "refused" is not sufficient.   See Linder v. State, 94 Tex. Crim. Rep. 316, and authorities there collated; also Cunningham v. State, 97 Tex. Crim. Rep. 624.

Appeal from the County Court of Lubbock County.   Tried below before the Hon. Chas. Nordyke, Judge.

Appeal from a conviction for swindling, a misdemeanor, penalty a fine of $100 and twenty-four hours in the county jail.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE. — Conviction is for misdemeanor swindling, punishment being a fine of $100 and confinement in the county jail for twenty-four hours.

No statement of facts accompanies the record.   Three special charges were requested and are simply marked "refused."   It is not made to appear by formal bill of exception nor by notation on the charges themselves over the trial judge's signature that exception was reserved to the refusal to give them.   In one or the other of such methods it must be shown that exception was taken to the action of the court.   Linder v. State, 94 Tex. Crim. Rep. 316, 250 S. W. 703, and authorities collated therein.   Also see Cunningham v. State, 97 Tex. Crim. Rep. 624, 262 S. W. 491.   Even if the requested charges could be considered it is impossible for this court to determine whether they were applicable in the absence of the facts.

The judgment is affirmed.

*Affirmed.*