C. B. SOLOMON v. THE STATE.

No. 11622. Delivered May 23, 1928.
Rehearing denied June 23, 1928.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

HAWKINS, Judge.—Conviction is for misdemeanor theft, punishment being by fine of $25.00 and thirty days' confinement in the county jail.

By the testimony of an accomplice the state made a complete case, and supported the accomplice by ample corroborating testimony; in fact, a case was made out against appellant by the non-accomplice witnesses.

The charge upon accomplice evidence given by the court was erroneous. Brown v. State, 57 Tex. Cr. R. 570; Anderson v. State, 95 Tex. Cr. R. 346, 254 S. W. 986; Abbot v. State, 94 Tex. Cr. R. 31, 250 S. W. 188. The instruction was excepted to and three special charges upon the subject were requested. Two were refused and one given. Appellant complains at the refusal of the two. It would have been improper for the court to have given all of them. The one given sufficiently presented the matter. No exception was reserved to the ones refused either by notation on the charges themselves over the judge's signature, nor by formal bills of exception presenting the point. Exceptions must be preserved in one of such ways before the point will be reviewed. Linder v. State, 94 Tex. Cr. R. 316, 250 S. W. 703.

The accomplice testified that appellant came by witness' house and the two went to a swimming resort; while on the way there that appellant said he was going to get two tires that night; that appellant did take two tires and rims off another car and put them in appellant's car. Exception was reserved because in response to questions from the state the accomplice testified that he had no intention of stealing any tires when he left home nor at any other time. In view of the other facts testified to by the accomplice no error occurred in admitting the evidence complained of, but if so the matter was of such slight importance we would not hold it to call for reversal.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, Judge.—In the preparation of his motion for rehearing appellant labors under the impression that the original opinion was written by the writer of this opinion on rehearing, and comparison is instituted between other opinions of the writer and that written originally herein, as indicative of a change of mind on the part of the writer of the original opinion.

Practically all of appellant's argument in his motion for rehearing is intended to show that two special charges which were refused, should have been given. We still do not think so. Appellant presented three special charges to the court below, each in slightly variant language presenting the proposition that one Mays, a State witness, was an accomplice, and that a conviction on his testimony could not be had without corroboration. The court's main charge submitting the same fact seems to us to be accurate, but he gave to the jury one of those asked by appellant. To have given the other two, or either of them, would have been but duplication of instructions already given. That the evidence fully made out a case, is beyond question. Appellant was driving his car upon which was found the stolen casings, the same night that they were taken. Such unexplained recent possession would of itself be sufficient.

The motion for rehearing is overruled.

*Overruled.*