CLYDE THOMPSON v. THE STATE.

No. 12545. Delivered June 27, 1929.

The opinion states the case.

*J. H. Stubblefield* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment death.

According to the state's testimony appellant, a youth between seventeen and eighteen years of age, killed A. L. Shook. There was an issue as to whether appellant was seventeen years old at the time of the homicide.

The court's definition of malice aforethought was not such as that the jury could clearly draw the distinction between a killing with malice and one without. This distinction should be made upon another trial, if any.

The witness Woodrow Davis was an accomplice and the court so instructed the jury. This further instruction was given:

"Now, you are instructed that you cannot convict the defendant upon the testimony of said Woodrow Davis alone unless you first find and believe that his testimony is true, and connects the defendant with the offense charged and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the testimony of said Woodrow Davis tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged."

This charge was timely and properly excepted to. Under the facts of this case, the giving of the objectionable charge in question may not constitute reversible error. In the case of Spears v. State, 277 S. W. 142, a similar charge was under consideration. We deem it appropriate to quote Judge Lattimore's language in condemning the charge there given. He said:

"The quoted part of the court's charge seems more objectionable than the charge in Campbell v. State, 57 Tex. Cr. R. 302, 123 S. W. 583, which has been criticized by this court. Abbot v. State, 94 Tex. Cr. R. 31, 250 S. W. 188; Anderson v. State, 95 Tex. Cr. R. 346, 254 S. W. 989. An analysis of the charge complained of in the instant case makes evident the proposition that if the jury believed the testimony of the husband, an accomplice, to be true, and that there was other evidence aside from his in any wise connecting the accused with the offense charged, the jury would be justified in a verdict of conviction. This could be absolutely true in no case except one in which the testimony of the accomplice made out a complete case in itself. If the testimony of an accomplice supplied all of the facts necessary to the conclusion of guilt so that there was left only the necessity for corroboration, of the character required by our statute, there might be less doubt of the propriety of such a charge, though we have fears as to the correctness of the giving of a charge in any case which instructs the jury that if they believe the

testimony of any witness is true, they may convict if they believe other specified testimony is present. This smacks tremendously of a charge on the weight of the evidence."

See also Anderson v. State, 254 S. W. 986.

Appellant did not testify in his own behalf. In his argument to the jury the county attorney used language as follows:

"The defendant has sat in the courthouse sleeping for three days. He has sat mum in this trial."

At the time this argument was made appellant's attorney excepted thereto on the ground that it was a comment on the failure of appellant to testify. The court gave appellant's written requested instruction advising the jury that the argument was improper and that it should not be considered by them. The bill of exception bringing the matter forward is qualified as follows:

"Defendant sat with his eyes closed almost throughout the entire trial and did not seem to show any interest in anything that transpired."

We are of the opinion that the statement of the county attorney was a comment on the failure of appellant to testify. Webster's Collegiate Dictionary, Third Edition, defines the term "mum" as "silent; not speaking." It is a word commonly understood as above defined. The only inference that could have been drawn by the jury from the remarks complained of was that the county attorney was alluding to appellant's failure to take the witness stand and testify in his own behalf. Article 710 C. C. P. 1925, provides:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by the counsel in the cause;* * *."

An instruction to the jury to disregard an argument clearly violative of the mandatory provisions of the statute quoted does not have the effect of curing the error. Bilberry v. State, 281 S. W. 1082. A violation of the mandate of the statute constitutes reversible error. Pirtle v. State, 10 S. W. (2d) 564, and authorities collated.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.