## ROY INNIS v. THE STATE.

No. 13693.   Delivered November 26, 1930.
Rehearing denied January 14, 1931.
Reported in 34 S. W. (2d) 268.

The opinion states the case.

E. B. *Lewis* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

At a former term of the court below two indictments had been returned against appellant charging him respectively with possessing intoxicating liquor for sale, and the transportation of such liquor. He was brought to trial upon the indictment charging him with possession. After the jury were selected, the indictment read, and appellant's plea entered, it was discovered that the indictment was fatally defective in that it failed to allege the county in which the offense was committed. Smith v. State, 49 S. W. Rep. 373; Branch's Annotated P. C., p. 235, and authorities cited. Thereupon a judgment of dismissal was entered in said cause. Thereafter new indictments were returned, and upon appellant being brought to trial for the offense of transporting intoxicating liquor under one of the new indictments, he filed a plea of jeopardy, having for its foundation the facts above stated. Such plea would not be good if it rested on the fact of the dismissal of the case because the indictment was basically defective. Carroll v. State, 50 Texas Crim. Rep. 487; Abbot v. State, 94 Texas Crim. Rep. 34. We do not think the trial judge erred in declining to submit to the jury said plea of jeopardy, and in holding it to present no defense.

Appellant's bill of exception No. 2 sets out the refusal of a continuance. Diligence is not shown. The bill of exception presenting the complaint refers to attached process, "exhibits A to I," but there are no exhibits attached. No affidavits of the absent

witnesses are made part of the motion for new trial, which is also devoid of any exhibits. The qualification of the trial judge to the bill indicates plainly that he did not believe the absent witnesses would have given the testimony set up. The truth and merits of the grounds of any application for continuance are addressed to the sound discretion of the trial judge. Subdiv. 6, Art. 543, C. C. P. 1925.

We think the facts show that the officers who searched appellant's car and found therein five gallons of whisky, had facts and information sufficient to authorize such search upon probable cause, even though they had no search warrant. Said officers testified that they had reliable information that appellant was going out on the Nacogdoches road after some whisky; they saw him going and followed him out to a certain point where they secreted themselves; appellant came back along the said road, and the officers permitted him to pass and then overtook him; as they passed they observed the bulk of something which looked like a keg between the seats. They tried to get appellant to stop and he slowed down, but made a dash to get around the officers' car, which resulted in his car locking wheels with the officers' car and his continuing to pull down the road and get away. We think these facts furnish ample ground for a reasonable belief on the part of the officers that he had intoxicating liquor in said car.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—In his motion for rehearing appellant strenuously urges that we were in error in our original opinion in holding that diligence was not shown in attempting to secure the presence of the witnesses at the trial. Our attention is directed to a matter which was overlooked at the time the original opinion was written and we are inclined to believe appellant's contention is correct. The main application for continuance as found in the transcript covers practically four pages of typewritten matter. Attached thereto is the process for the absent witnesses which is made a part of the application, and covers eleven additional pages. In the main application the process attached is referred to. In the bill of exception bringing forward complaint at the court's action

in overruling the application the main application only is set out. However, there appears in the bill a specific reference to the process attached to the application and makes them by such reference a part of the bill. Considering the process we think the diligence was sufficient. It by no means follows that the court was in error in overruling the motion for new trial based upon the refusal of the continuance. Set out in the application for continuance it is shown that part of what appellant expected to prove by the absent witnesses related to the officers shooting at the defendant's car. Under the facts of the case we regard that as unimportant. The officers themselves admit that when they had trouble in stopping appellant they fired at the casings on his car, shooting two of them down before they could make him stop. There is a further averment in the application that the witnesses would testify that they were present at the time appellant was arrested and "that they saw no liquor in the car and saw no liquor in the possession of defendant and that said defendant did not transport any liquor." That part of the proposed testimony that witnesses would testify "that defendant transported no liquor" was a conclusion and would not have been properly receivable. The officers testified that the five gallon keg in which the liquor was contained was in the tonneau of the car. They themselves did not see any "liquor" until after the bung was knocked out of the keg and some liquor was poured out by them. As we understand the record, this occurred after they had taken the keg to town. The officers themselves might truthfully have testified that at the time of the arrest they saw no liquor in the car and saw no liquor in the possession of appellant. If the witnesses had been present and had gone no further in their testimony than as set up in the application for continuance they would have testified, it would not likely have changed the result of the trial. The judge was fully justified in reaching that conclusion in overruling the motion for new trial.

The motion for rehearing is overruled.

*Overruled.*