CLARENCE SANDLIN V. THE STATE.

No. 16504. Delivered March 7, 1934.
Reported in 69 S. W. (2d) 407.

The opinion states the case.

*W. J. Oxford,* of Stephenville, and *E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for one year.

The injured party, Raymond Bunt, was at the time of the assault a single man and twenty-seven years of age. He had gone to school with Vivian Sandlin, who was a sister of appellant. About a year before the assault, when Vivian Sandlin was about twenty-one years of age, she and the injured party agreed to go away together. They traveled around for some time, stopping at tourist camps and other places. Finally he returned home. He testified that she had left him while on the trip and gone away with another man. He testified, further, that he had never at any time had improper relations with her. After returning home he met appellant on a road. According to his testimony, appellant exhibited a gun and ran him away. On the occasion of the assault, the injured party had gone with Frances Russell to the home of appellant's father. While Mr.

Russell was talking to appellant's father, the injured party sat in the car. Appellant, who was in the yard, went to a tent, secured a pistol, and, approaching the car, fired several shots at the injured party, who jumped out of the car and began to run. Appellant fired another shot at him while he was running. Two of the shots took effect, inflicting serious wounds. He (the injured party) was not armed.

Appellant testified that his mother called his attention to the fact that Bunt was sitting in the automobile and asked him to make him leave; that he secured a pistol and went to the car for the purpose of ordering him away; that when he told him to leave he stated that he would not leave until he got ready; that when he made this remark he (the injured party) placed his hand behind him as if to draw a weapon, and he (appellant) fired several shots into the car; that he believed Bunt was going to shoot him. Appellant testified, further, that on the occasion he met the injured party in the road prior to the assault he had told him (the injured party) not to come upon his premises as he did not want to have anything to do with him. Appellant's version of the transaction was supported by the testimony of his father, mother and wife.

We find in the record several exceptions to the charge of the court. They do not appear to have been in any manner authenticated by the trial judge, but merely bear the signature of appellant's counsel. Hence they cannot be considered.

There are no bills of exception in the record.

Believing the evidence sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.