### B. B. KERR V. THE STATE.

No. 17486.   Delivered April 17, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*Roy E. Estes,* of Granbury, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of aggravated assault and battery, and his punishment was assessed at a fine of $250.00 and confinement in the county jail for a period of six months.

The prosecutrix was the divorced wife of the appellant. She testified that the appellant made an unprovoked and unjustified assault upon her by striking her with his fist, a rock, and the stock of an air gun. The appellant denied the charge and justified his action and conduct under the law of self-defense. He contended that she made an assault upon him with a pistol; that he knocked her down, took the pistol away from her and threw it over into the peach orchard.

The appellant made some written objections to the court's main charge which the court declined to consider, but he did not show his disapproval of the court's action in the way of an exception. Unless the defendant excepts to the court's ruling, we must assume that he was satisfied, otherwise he would have taken an exception to the court's action. In the absence of a bill of exception, this court can not review the action of the trial court. See Sandlin v. State, 69 S. W. (2d) 407.

It appears from the record that the appellant prepared certain special charges which the court declined to submit to the jury, but the appellant did not register his disapproval of the court's action by reserving an exception. Therefore the same can not be considered by this court as they do not constitute a bill of exception. See Simpson v. State, 267 S. W., 1116; Thomas v. State, 273 S. W., 571; Bailey v. State, 275 S. W., 1014.

We have carefully examined the testimony and believe that the evidence offered by the State, if believed by the jury, is sufficient to sustain the conviction.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant attaches to his motion for rehearing a certified copy of each of his special charges, that we may see that he did except to the refusal of the court to give same. It is to be regretted that when said charges were presented to the trial court and refused, he was not asked to certify or authenticate the fact that his refusal to give said charges was excepted to in each instance. It has been the uniform holding of this court that a notation of such exception, signed only by the attorney for the accused, will not be accepted by this court as a certificate that such exception was in fact taken. That the refusal of the special charge, and also that such refusal was accepted to,—must be certified to by the trial judge, or approved over his signature upon such requested charge, or by separate bill of exceptions duly approved. Craven v. State, 93 Texas Crim. Rep., 329; Brooks v. State, 93 Texas Crim. Rep., 206; Linder v. State, 94 Texas Crim. Rep., 316; Churchwell v. State, 95 Texas Crim. Rep., 46; Cunningham v. State, 97 Texas Crim. Rep., 624; Graves v. State, 109 Texas Crim. Rep., 139; Solomon v. State, 110 Texas Crim. Rep., 122; Scott v. State, 112 Texas Crim. Rep., 36; Ross v. State, 114 Texas Crim. Rep., 127; Harris v. State, 123 Texas Crim. Rep., 167; Wills v. State, 77 S. W. (2d) 875.

It must be manifest that this court could not accept and judicially act upon documents when stated or certified to by persons other than the officials duly authorized by law to prepare and present here upon appeal the records exhibiting the manner and results of trials in the lower court. According every confidence and all respect to the private certificate of appellant's attorney placed by him upon each of these special charges, stating that he excepted to the refusal of the court below to give such charges,—we must adhere to the rule referred to and decline to consider said charges.

We see nothing in Jones v. State, 20 S. W. (2d) 1067, or Wills v. State, 77 S. W. (2d) 875, entitling appellant to have his refused charges considered. The Wills case, supra, is in principle almost identical with the one before us. From that opinion it appears that the accused upon trial wanted his case postponed for two days. He made a motion to that effect. No minute entry appeared showing what was done with his motion. However, in the transcript there appeared a copy of said motion marked "Refused" by the trial judge. Following, and after the signature of the judge thereon, was a statement signed only by appellant's attorney stating that the court had overruled the

motion to postpone, to which the defendant excepted. We held this notation of the exception to be insufficient to bring the matter before us. Substantially the same condition here prevails. We have never held that a different rule prevails in this regard in misdemeanor cases from that which obtains in felony cases. Barrett v. State, 113 Texas Crim. Rep., 520.

Being unable to consider the alleged error of the refusal of said special charges, the motion for rehearing is overruled.

*Overruled.*