GLOVER SPEARS V. THE STATE.

No. 9412.    Delivered November 4, 1925.

**1.—Abortion—Charge of Court—On Accomplice Testimony—Error.**

When, on a trial for abortion, the court charged the jury that if they believed that the testimony of the husband of prosecutrix, an accomplice, was true, and that there was other evidence aside from his, in anywise connecting the accused with the offense charged, they would be justified in a verdict of guilty. Such charge was not only an incorrect presentation of the law, but was clearly upon the weight of the evidence. See Campbell v. State, 57 Tex. Crim. Rep. 188; Anderson v. State, 254 S. W. 989.

**2.—Same—Continued.**

The testimony of an accomplice does not always make out a complete case, within itself, and we cannot subscribe to the principle of charging, *in any* case to convict if the jury believes the testimony of any witness to be true, if they believe that other specified testimony corroborating such witness is present. Such a charge is also objectionable, as being on the weight of the evidence.

**3.—Same—Continued.**

The vice in this charge is illustrated in the instant case, in the fact that the testimony of the accomplice, even though true, does not make out a case against appellant. We suggest that in connection with a proper charge on accomplice testimony, it is well for the court in every case, to instruct the jury that they must believe that from all the evidence in the case the accused is guilty, byond a reasonable doubt.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of an abortion, penalty two years in the penitentiary.

The opinion states the case.

*Adams, Gilmore & Perkins,* and *Pollard, Berry & Fisher,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction is for an abortion, penalty two years confinement in the penitentiary.

The State's case consisted of the testimony of Mrs. Lauraine, her husband and two doctors. The husband testified that he

made the arrangements with appellant to produce an abortion upon his wife, and that he accompanied her to the building, went with her home after she came downstairs, and to her condition then and thereafter. Mrs. Lauraine testified that she went to appellant's office and that he placed her on a table, made an examination, and then inserted into her womb an instrument following which she felt sharp pains and there began a flow of blood. No one testified to the loss or expulsion of any foetus, or in effect or substance that the act of appellant caused the loss of same. True, Dr. Gerson testified that in his opinion, from an examination he made, there had been an abortion, but the facts testified to by him as sustaining this opinion do not appear to us to be very satisfactory. He said that he examined the woman shortly after the time of the alleged abortion and found a stinking discharge coming from her womb. Other witnesses who were at the office of appellant at the time of the alleged abortion, and who were shown to have had an opportunity to form an opinion as a basis for their testimony, said that the woman was passing a stinking discharge at the time she was in appellant's office on the occasion of the alleged abortion. The State's case does not seem to rest on very conclusive testimony, and in this state of the case the matter of the complaint of the court's charge on accomplice testimony seems well founded.

The court instructed the jury that the husband was an accomplice, and in reference to this matter gave the following charge:

"I instruct you that the witness W. V. Lorraine, Jr., is an accomplice. Now, you cannot convict the defendant upon his testimony, unless you first believe that his testimony is true, and connects the defendant with the offense charged, and then you cannot convict the defendant upon said testimony, unless you further believe that there is other testimony in the case, corroborative of the accomplice's, connecting the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged."

An appropriate exception was taken to this charge, and in our opinion the complaint is well founded. The quoted part of the court's charge seems more objectionable than the charge in Campbell v. State, 57 Tex. Crim. Rep. 302, which has been criticised by this court. Abbott v. State, 250 S. W. Rep. 188; Anderson v. State, 254 S. W. Rep. 989. An analysis of the charge complained of in the instant case makes evident the

proposition that if the jury believed the testimony of the husband, an accomplice, to be true, and that there was other evidence aside from his in anywise connecting the accused with the offense charged, the jury would be justified in a verdict of conviction. This could be absolutely true in no case except one in which the testimony of the accomplice made out a complete case in itself. If the testimony of an accomplice supplied all of the facts necessary to the conclusion of guilt so that there was left only the necessity for corroboration of the character required by our Statute, there might be less doubt of the propriety of such a charge, though we have fears as to the correctness of the giving of a charge in any case which instructs the jury that if they believe the testimony of any witness is true, they may convict if they believe other specified testimony is present. This smacks tremendously of a charge on the weight of the evidence. However, in the instant case the testimony of the accomplice, even though true, does not make out a case against the appellant. We think the charge given defective and hurtful to the rights of the accused. We have suggested before that in connection with a proper charge on accomplice testimony, it is well for the court in every case to instruct the jury that they must believe from all the evidence that the accused is guilty beyond a reasonable doubt.

There are other complaints, none of which we believe to be of a serious character.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*