DAVE M. SCHLESINGER v. THE STATE.

No. 14916. Delivered May 25, 1932.
Reported in 50 S. W. (2d) 319.

The opinion states the case.

*Berry & Berry,* of Houston, and *A. M. Felts* and *Dan Moody,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Receiving and concealing stolen property is the offense; the punishment, three years in the penitentiary.

The accomplice, Arthur A. McCann, testified that he burglarized the residence of J. L. Hunter in the city of Austin, and took therefrom certain jewelry consisting of a brooch, rings, and stick pin. These were set with diamonds and the brooch in particular had a number of small stones in it. The mountings were platinum. He testified that after he had burglarized the Hunter home he carried the stolen property to Houston, and delivered it to one Spencer.

The witness Eddie Felds testified that he was a manufacturing jeweler in Houston; that the appellant brought some of the stolen property into the place of business conducted by himself and his brother; that he or his brother noticed an account in a newspaper of the burglary and theft of the jewelry and he got in touch with Mr. Hunter over the telephone, and as a result thereof he came to Austin bringing some of the property with him, which Mr. Hunter identified as his property. He also testified that the appellant, when he came into the witness' place of business with some of the stolen property, told him to "put it in the safe and keep it so nobody can see it; it is hot"; no explanation was made as to what was meant by the term "hot." Said witness Felds admitted receiving the property after having been given this information by the appellant.

Appellant testified as a witness in his own behalf, admitting that he had received the property from Spencer, but denied that he knew it was stolen, and denied that he had any suspicion whatsoever regarding the fact that the jewelry was or had been stolen. Appellant introduced witnesses who testified to his good reputation as being a peaceable and law-abiding citizen. He also introduced witnesses who attested to the good reputation of Spencer, from whom appellant claimed to have obtained the property, as also being a peaceable and law-abiding citizen.

The case was submitted to the jury under the law of circumstantial evidence, and the jury were told in the charge that the state relied alone on circumstantial evidence in order to convict the appellant.

Upon the subject of accomplice testimony, the trial court gave this charge: "I instruct you that the witnesses, Arthur A. McCann and Eddie Felds, are accomplices. Now, you are instructed that you cannot convict the defendant on the testimony of the said Arthur A. McCann or Eddie Felds alone, or upon the testimony of either or both of said witnesses alone, unless you first believe that their testimony is true and

connects the defendant with the offense charged, and then you cannot convict the defendant upon said testimony unless you further believe there is other testimony in the case corroborative of the testimony of the said Arthur A. McCann and Eddie Felds connecting the defendant with the offense charged; and the corroboration of either or both of said witnesses is not sufficient if it merely shows the commission of the offense charged. You are further instructed that it is not necessary that the corroborative testimony within itself be sufficient to convict."

Objection to said charge was properly urged before the court's charge was read to the jury, and is also brought forward by appellant in his bill of exception No. 6. A reading of the statement of facts makes clear that the testimony of the witnesses McCann and Felds did not make out a complete case against appellant under the charge contained in the indictment, for McCann testified only as to the theft of the property and the disposition that he made thereof, which was to one Spencer. He does not in any manner by his testimony incriminate the appellant with the receipt of the property. On the other hand, the testimony of Felds does not incriminate the appellant with anything more than the possession of the stolen property and his relation and conduct therewith.

Charges in similar language have been condemned in a number of cases in this state and have been held not to be the proper announcement of a legal principle. The writer cannot better express the holdings of this court than by quoting from the following cases: In the case of Spears v. State, 102 Texas Crim. Rep., 86, 277 S. W., 142, the court instructed the jury that the husband was an accomplice, and in reference to this matter gave the following charge: "I instruct you that the witness W. V. Lauraine, Jr., is an accomplice. Now, you cannot convict the defendant upon his testimony unless you first believe that his testimony is true and connects the defendant with the offense charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, corroborative of the accomplice's, connecting the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged."

We quote the following from the opinion by Judge Lattimore in that case: "An analysis of the charge complained of in the instant case makes evident the proposition that if the jury believed the testimony of the husband, an accomplice, to be true, and that there was other evidence aside from his in any wise connecting the accused with the offense charged, the jury would be justified in a verdict of conviction. This could be absolutely true in no case except one in which the testimony of the accomplice was made out a complete case in itself. If the testimony of an accomplice supplied all of the facts necessary to the conclusion of guilt so that there was left only the necessity for corroboration of the

character required by our statute, there might be less doubt of the propriety of such a charge, though we have fears as to the correctness of the giving of a charge in any case which instructs the jury that if they believe the testimony of any witness is true, they may convict if they believe other specified testimony is present. This smacks tremendously of a charge on the weight of the evidence. However, in the instant case, the testimony of the accomplice, even though true, does not make out a case against the appellant. We think the charge given defective and hurtful to the rights of the accused. We have suggested before that, in connection with a proper charge on accomplice testimony, it is well for the court in every case to instruct the jury that they must believe from all the evidence that the accused is guilty beyond a reasonable doubt."

In the case of Anderson v. State, 95 Texas Crim. Rep., 346, 254 S. W., 986, the trial court gave the charge on accomplice testimony in practically the identical language as the charge given by the trial court in this case. Presiding Judge Morrow, on motion for rehearing, said: "In instances where the testimony of the accomplice, while criminating in its nature, does not embrace all of the elements of the offense as well as connect the accused with its commission, the form used is misleading in that it in terms tells the jury that they may convict upon the testimony of the accomplice if they believe it is *true and believe there is other corroborative testimony tending to connect the accused with the commission of the offense.* It is obvious that in many cases where the testimony of an accomplice is used his testimony may be *true and sufficiently corroborated, but still not prove his guilt."*

See, also, the cases of Stanfield v. State, 84 Texas Crim. Rep., 437, 208 S. W., 532; Brown v. State, 57 Texas Crim. Rep., 570, 124 S. W., 101; Stovall v. State, 104 Texas Crim. Rep., 210, 283 S. W., 850.

Under the facts in this case, we feel constrained to hold that the charge given was not only erroneous but hurtful to the rights of the accused.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.