J. L. LIGHTFOOT v. THE STATE.

No. 17293. Delivered March 6, 1935.
State's Rehearing Denied April 3, 1935.

The opinion states the case.

*Polk Shelton,* of Austin, and *F. O. Jaye,* of DeLeon, for appellant.

*Lloyd W. Davidson,* Staet's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of knowingly making a false report to the Comptroller of Public Accounts of the State of Texas of the amount of motor fuel sold during the month of December, 1933, with a view and for the purpose of evading the payment of a tax thereon, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The appellant first complains of the action of the trial court in declining to sustain his motion to quash the indictment for the following reasons: (a) Because the indictment fails to charge that he, the said J. L. Lightfoot, delivered a false report to George H. Sheppard, Comptroller of Public Accounts of the State of Texas; and (b) that the indictment shows upon its face that the report was made and sworn to in Comanche County, Texas, and therefore if any offense was committed by the defendant, it was committed in the county of Comanche and not in the county of Travis, the county in which he was indicted in this case, and therefore the District Court of Travis County did not have active jurisdiction.

In disposing of the first ground of the motion we deem it sufficient to set out only so much of the indictment as may be necessary for a better understanding of our interpretation thereof. Omitting the formal parts, the indictment reads as follows: "That J. L. Lightfoot, in said County and State, on or about the 22nd day of January, A. D. 1934, and before the presentment of this indictment, did then and there unlawfully and knowingly make a false report in writing addressed to George H. Sheppard, Comptroller of Public Accounts, State of Texas, concerning the quantity of motor fuel sold by Omega Refining Company within the State of Texas during the month of December, 1933, said report being then and there a report relating to tax on motor fuel and a report required by law to be made and which report was then and there made by the said J. L. Lightfoot as a report of Omega Refining Company, which company was then and there a distributor of motor fuel, which false report was in words and figures as follows: (Here the report is set out in full), which said report was then and there false in that the said J. L. Lightfoot, as representative of the Omega Refining Company, did then and there report to the said George H. Sheppard, Comptroller of Public Accounts, State of Texas, during the month of December, 1933, that only 22,901 net gallons of motor fuel upon which a tax was required to be paid to the State of Texas had been sold within the State of

Texas by Omega Refining Company when in truth and in fact said Omega Refining Company had sold within the State of Texas during the month of December, 1933, 35,076 net gallons of motor fuel upon which a tax was required to be paid to the State of Texas, and the said J. L. Lightfoot did then and there well know at the time he made said report showing only 22,901 net gallons of motor fuel that said report was false and untrue."

It occurs to us that inasmuch as it is alleged that he, the said J. L. Lightfoot, made a report in writing addressed to George H. Sheppard, Comptroller of Public Accounts, State of Texas, it is tantamount to saying that he delivered it to the said George H. Sheppard. If this is not true, then in what other manner could he have made a written report to the Comptroller? If he had merely made a sworn statement of the net gallons of motor fuel sold by Omega Refining Company in the State of Texas during the month of December, 1933, and had not by some means or agency brought it to the knowledge of and for the inspection of the Comptroller, it would not have been a report because as long as the information therein contained was withheld from the Comptroller, there was no report of the amount of motor fuel sold by Omega Refining Company. A report means to convey or disseminate information. As long as the desired information is locked up in one's breast and not disclosed, it is not a report. That which is not made known is not reported. We therefore overrule the appellant's first contention. His next contention is that the report was made and sworn to in Comanche County, and therefore the District Court of Travis County did not have jurisdiction. This contention appears to us to be untenable because he did not make a report and swear to the same in Comanche County. What he did was to make a statement and swear to it in Comanche County, but this did not become a report until the information therein contained was conveyed to the Comptroller of Public Accounts, State of Texas. The gravamen of the offense under this statute, as enacted by the Regular Session of the 43rd Legislature, chapter 44, lies in the fact that he did deceive and mislead the Comptroller with a view and for the purpose of evading the payment of the tax due on motor fuel by listing a part of the motor fuel sold by the Omega Refining Company during the month of December, 1933. The Comptroller was not deceived and the appellant had not perpetrated a fraud upon the Comptroller until the written report was delivered to him in Travis County, Texas. As long as the appellant retained the sworn statement in his possession in Comanche County, it was not a

report to the Comptroller and no fraud had been perpetrated upon the Comptroller until it was delivered to him. Therefore, the offense for which the appellant was indicted was committed in Travis County and the District Court of Travis County not only had potential but also active jurisdiction over the person and the subject matter of the suit.

By bill of exception No. 2 the appellant complains of the action of the trial court in overruling his objection to paragraph 12 of the court's main charge, wherein the court attempts to apply the law of accomplice witnesses, and because the court failed to instruct the jury that one accomplice can not corroborate another accomplice. The State's witnesses M. V. McConaghy, J. B. McKemie, and Roy Owen by their own testimony made themselves accomplices of the appellant in the commission of the offense charged and the trial court recognized them as accomplices, and instructed the jury relative to accomplice testimony as follows: "I instruct you that the witnesses M. V. McConaghy, J. B. McKemie, and Roy Owen are accomplices. Now, you are instructed that you can not convict the defendant upon the testimony of said witnesses alone unless you first believe that their testimony is true and connects the defendant with the offense charged, and then you can not convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the testimony of the said M. V. McConaghy, J. B. McKemie, and Roy Owen, tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense charged. You are further instructed that it is not necessary that the corroborative testimony within itself be sufficient to convict."

If the testimony of the accomplice witnesses had made out a complete case against the appellant, then the charge complained of, although inaccurate, might not have justified a reversal of this case, but in the instant case the testimony of the accomplices does not make a complete case of guilt against the appellant, and therefore under the ruling of this court in the case of Anderson v. State, 254 S. W., 986, and Schlesinger v. State, 50 S. W. (2d) 319, where a similar charge was held to be error, we are constrained to hold that the court's failure to respond to the appellant's objection to said charge was such error as requires a reversal of this case, and in support of the views herein expressed we also refer to the case of Spears v. State, 277 S. W., 142. We are also of the opinion that the court erred in not instructing the jury that one accomplice can not

corroborate another accomplice. This is the law and the court should in his charge instruct the jury upon the law applicable to the facts in the case.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing upon the proposition that we were wrong in holding the charge of the trial court reversibly erroneous in that part of same relating to the law of accomplices. The charge is set out in our original opinion. There is no question raised in the motion concerning the correctness of our holding that the exception to the charge of the court below for its failure to instruct the jury that one accomplice can not corroborate another, should have been sustained. The authorities are too numerous upon the point to need citation. That being true, it would seem idle for us to write at length a dissertation upon the error of the charge of the court in telling the jury that they could not convict upon the testimony of accomplices alone unless they first believed their testimony true and that it *connected* the defendant with the offense, and that they could not then convict the defendant upon the testimony of said accomplices unless they believed that there is other testimony in the case corroborative of the testimony of the accomplices tending to connect the accused with the offense. We have written so often and so many times on the error of a charge like this that it would seem as if we might be relieved from the necessity of writing further. In Schlesinger v. State, 50 S. W. (2d) 319, we held an identical charge like this erroneous. In the Spears case, 102 Texas Crim. Rep., 86, we called attention at length to defects in a similar charge. It would seem unnecessary to comment upon the defective character of a charge which told the jury they might convict upon the testimony of the accomplices if it "tended" to connect the defendant with the offense. No man can be convicted upon testimony which merely connects him with an offense. There must be testimony before the jury which, if believed, makes him guilty beyond a reasonable doubt of the commission of the offense. If the court in this or any

other case should tell the jury that they can not convict upon the testimony of an accomplice, or any number of accomplices, unless the testimony of said accomplices shows the defendant to be guilty, and that there can be no conviction even then unless there be other testimony beside that of the accomplices tending to connect the accused with the commission of the offense, and that in any case and in all cases the testimony must show the accused guilty beyond a reasonable doubt, this would be enough. To tell the jury that they can not convict upon the testimony of the accomplices "alone," as in the instant case, and then immediately proceed to say unless you believe there is other evidence corroborative of the accomplices tending to connect the accused, etc., is a direct contradiction of terms and must be confusing to the jury. We have so often said that the word "alone" has no business in such a charge, that it seems needless to repeat it. We went over the same ground in Stovall v. State, 104 Texas Crim. Rep., 210; Standfield v. State, 84 Texas Crim. Rep., 437, and Anderson v. State, 95 Texas Crim. Rep., 346.

The motion for rehearing by the State is overruled.

*Overruled.*