## CHARLIE DUNN V. THE STATE

No. 17588.   Delivered May 22, 1935.
Rehearing Denied June 26, 1935.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, five years in the penitentiary.

By exceptions to the court's charge appellant called attention to what he believed to be inaccuracies therein.   He also asked a number of special charges.   The complaint of the court's charge was directed at the propositions of the law of accomplice testimony.   We have carefully gone over the court's charge in regard to such matter.   The charge of the court was as follows:

"I instruct you that the witness Guy Alexander is an accomplice.

"You are instructed that you cannot convict the defendant upon the testimony of said Guy Alexander unless you first believe that his testimony is true, and shows that the defendant is guilty of the offense charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, corroborative of the testimony of said Guy Alexander tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged."   We think this is a correct statement of the law. Appellant's requested charge No. 2 erroneously sought to have

the jury told that they could not convict upon the testimony of the accomplice alone, etc. We have uniformly condemned charges which tell or seek to tell the jury that they cannot convict upon the testimony of the accomplice alone. See Lightfoot v. State, 80 S. W. (2d) 984. The remainder of said special charge appears to be covered by the charge given. We regard requested charge No. 3 as erroneous because upon the weight of the evidence, which criticism applies also to requested charges Nos. 4 and 5.

The testimony of the accomplice fully and completely made out a case of burglary against the appellant. A number of corroborative facts and circumstances were testified to by other witnesses, the effect of which was to connect appellant with the burglary.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The identity of the appellant as the offender is regarded as being clearly shown, not only by the accomplice witness, but by many corroborating circumstances.

The motion is overruled.

*Overruled.*