E. B. BLOODWORTH V. THE STATE.

No. 21032. Delivered May 1, 1940.

The opinion states the case.

*L. G. Mathews, Kenneth Bain,* and *Winfred Newsome,* all of Floydada, for appellant.

*John A. Hamilton,* District Attorney, of Matador, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is making a false statement as to the amount of motor fuel used with a view of obtaining a refund of the tax upon motor fuel. The punishment assessed is confinement in the county jail for sixty days and a fine of $750.00.

At the very threshold of this case, we are confronted with the sufficiency of the indictment and the court's action in overruling a motion to quash the same. The indictment, omitting the formal parts, reads in substance as follows. "That on or about the 7th day of May, A. D., 1938, and anterior to the presentment of this Indictment, in the County of Floyd and State of Texas, E. B. Bloodworth did then and there unlawfully and knowingly and willfully and fraudulently make false statements in a claim for refund of motor fuel Taxes, to be filed with the Comptroller of Public Accounts of the State of Texas, George H. Sheppard, which claim was made upon a form prescribed by said Comptroller. Said claim for refund of motor fuel taxes which was so made, in writing, by said E. B. Bloodworth with the intention then and there of filing the same with the said Comptroller is to the tenor following!" (Then follows a photostatic copy of the statement.)

It will be noted that it is not charged that the claim was presented to or filed with the Comptroller of Public Accounts of the State of Texas, but merely that it was made with the intention of filing the same. It is quite obvious that even though a false claim is made out, but not presented to or filed for a refund of the tax, this would not constitute an offense under Art. 141a-1, P. C. The object and purpose of the law was to prevent persons from making false claims, thereby deceiving the Comptroller and induce him to remit the claim tax when the claimant was not entitled to refund under the law. As long as the claimant merely entertained the intention of presenting and filing the same with the Comptroller but not doing so, it would not, in our opinion, constitute an offense under this article of the statutes. The accused must do something more than make out a false claim. He must also present it or file it with the legally constituted authority for allowance and approval.

The very question here presented was discussed by us to some extent in the case of Lightfoot v. State, 80 S. W. (2d) 984, and we see no need to further elaborate thereon. A mere reference to the decision in that case is deemed sufficient.

Having reached the conclusion that the motion to quash should have been sustained, it is therefore ordered that the judgment of the trial court be reversed and the prosecution dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.