## ROBERT GREEN V. STATE.

### No. 24736. June 14, 1950.

44

*Robert E. Lee,* Mason, and *Newman & McCullom,* Brady for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Robert Green was convicted of theft of a cow, and his punishment was assessed by the jury at two years in the penitentiary.

The indictment charged theft of one head of cattle from Dan G. Lehmberg in Mason County on or about February 16, 1949.

Milton Knotts testified for the state, and the court instructed the jury that he was an accomplice.

He testified that on the night of February 16, 1949, he shot and killed a cow on the range, under the directions of appellant who accompanied him, and for whom he was working at the time; that together they butchered the cow and took the meat to Fort Worth where appellant delivered it to a meat market.

According to Knotts' testimony, appellant told him that he wanted to butcher a cow that night, and take her to Fort Worth so he could have her barbecued, and that he requested the witness to help him; that appellant told him "which way to drive to get to his pasture, where his cattle was at;" that he learned later it was Dan Lehmberg's pasture they were in but did not know it at the time; that appellant told him "to kill the cow," "Said it was his cow," "Mr. Green had a cow, I understood, and he was going to butcher her." "Bob told me that was the cow and to shoot her." "I figured a man would know his own cow." "I didn't know whether it was Mr. Green's cow, I figured he would know whether his cow, where she was at. He told me to shoot the cow and I did."

The hide, head, feet and entrails were left on the ground where the cow was killed, and were found there intact on the morning of February 17th, by the owner.

The witness Knotts, according to his testimony, did not know the location of the Lehmberg pasture or know that the cow

killed and butchered in such pasture was owned by Dan G. Lehmberg.

It was therefore necessary for the state to resort to other proof to show such ownership, and to prove that the place where the cow was killed, was the Lehmberg pasture in Mason County, Texas.

Aside from the testimony of one George Mallick, who testified that he purchased a carcass from appellant in Fort Worth on the morning of February 17, 1949, which was delivered by appellant and the witness Knotts in appellant's car, the record contains sufficient corroborating evidence tending to connect appellant with the commission of the offense.

The witnesses, Mrs. Knotts and Leonard Keeth, both testified that appellant and Milton Knotts were together on the night of February 16, in appellant's car.

It was established that appellant's car was at the scene, and was used in hauling the carcass away by the following circumstances:

Tracks at the scene of the butchering were identical with tracks made by tires of appellant's car.

A bit of paint, removed from a broken mesquite limb above the tracks was identified as from the same source as a sample taken from appellant's car, and a scratch was found on top of said car at a point which corresponded with the place the broken limb would have contacted the car passing under the tree.

A watery substance taken from the trunk of appellant's car which Knotts testified had been washed after the meat was delivered, was found to contain blood not of human origin.

W. L. Lampley testified that appellant and the witness Knotts came to his filling station in Fort Worth about 9 A.M. on February 17, 1949, and washed up in his restroom. He said they were traveling in a Ford car which answered the description of appellant's car; that later appellant stopped at his station somewhat regularly, and on one occasion "wanted to know what I told the sheriff or you people."

The trial court submitted to the jury the question of whether or not George Mallick was an accomplice, and instructed the

jury that if they found that he was, they could not convict appellant upon his testimony unless they believed: (1) that his testimony was true, (2) that it showed that appellant was guilty as charged, (3) that there was corroborating evidence in the case tending to connect appellant with the commission of the offense charged.

But having instructed the jury that the witness Knotts was an accomplice, the court did not submit a similar charge as to his testimony.

As to Knotts' testimony the charge is as follows:

"(b) Now, you are further instructed that you cannot convict upon the testimony of said Milton Knotts unless you first believe that his testimony is true, and connects the Defendant with the offense charged, and then you cannot convict the Defendant upon said testimony unless you further believe that there is other testimony in the case, corroborative of the testimony of said Milton Knotts, tending to connect the Defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged."

This charge is almost identical with the charge suggested by this court in Campbell v. State, 57 Tex. Cr. R. 301, 123 S.W. 583, except that the objectionable word "alone" has been eliminated, as suggested in a number of later opinions of this court.

Appellant excepted to the charge as to the witness Knotts because it failed to instruct the jury in connection therewith that before they could convict the defendant they must find beyond a reasonable doubt from all the evidence that the defendant was guilty.

And a charge was requested concluding with the language "but it must tend to connect the defendant with its commission and then from all the evidence you must believe, beyond a reasonable doubt, that the defendant is guilty."

Under many decisions of this court, the charge given has been declared erroneous. See Quinn v. State, 136 Tex. Cr. R. 131, 123 S.W. 2d 890; Spears v. State, 102 Tex. Cr. R. 86, 277 S.W. 142; Anderson v. State, 95 Tex. Cr. R. 346, 254 S.W. 986; Walker v. State, 104 Tex. Cr. R. 26, 282 S.W. 245; Abbott v. State, 94 Tex. Cr. R. 31, 250 S.W. 188; Watson v. State, 90 Tex. Cr. R. 576, 237 S.W. 298.

Though condemning the charge in the particulars mentioned, in some of the cases cited it was held that no harm resulted, and reversal did not follow.

In Walker v. State, supra, a charge very similar to that here given was condemned, but the court held that since the testimony of the accomplice "embraced all of the elements of the offense" no injury was shown.

In Abbott v. State, supra, it was pointed out that in addition to the elimination of the objectionable word "alone," the form of charge here used should conclude with a statement that the accused cannot be convicted in any event unless from all the testimony in the case the jury believes beyond a reasonable doubt that he is guilty. Because of a special charge given, it was held that no harm resulted requiring reversal.

In Watson v. State, supra, it was said:

"We are unable to perceive, however, wherein the charge given could have been hurtful in the instant case. The burglary was established by testimony other than the accomplice. His testimony does more than connect appellant with the offense. It makes a complete case against accused of guilty participation in its commission, and the corroborative evidence tended to connect him with the commission."

However in Schlesinger v. State, 121 Tex. Cr. R. 517, 50 S.W. 2d 319, Spears v. State, Anderson v. State and Quinn v. State, supra, the judgment was reversed for the error regarding the form of the instruction as to the accomplice's testimony, such as here used.

In Quinn v. State, supra, it is said that the testimony of the accomplice, if believed, showed appellant's guilt. A charge following the form suggested in Campbell v. State, supra, was condemned and the case reversed for the use of the word "alone," and for failure to require the jury to believe beyond a reasonable doubt that the defendant was guilty, the omission here complained of.

In that case this court, speaking through Judge Christian, said: "Under the facts, the charge is erroneous in advising the jury that they must believe that the testimony of the accomplice connected the appellant with the commission of the offense. The court should have required the jury to believe that the testimony of the accomplice showed the appellant to be guilty of

the offense. Again, the jury should have been required, in connection with the charge on the testimony of the accomplice, to find from all of the evidence beyond a reasonable doubt that the appellant was guilty."

Upon the state's motion for rehearing, it was urged that the inaccuracies in the charge should be held harmless.

This court overruled such motion. Judge Hawkins, on rehearing, said: "Where the jury are told that if they believe the testimony of the accomplice is true, and that it shows the guilt of the accused, it may not be indispensable to conclude the charge on the subject by telling the jury that they must believe from all of the evidence beyond a reasonable doubt that the accused was guilty."

"Where the trial judge instructs the jury that if they believe the testimony of the accomplice is true and that it connects the defendant with the offense charged, and the testimony of the non-accomplice witness tends to connect him with the commission of said offense, it would not be the law to authorize a conviction unless the jury did believe from all the evidence beyond a reasonable doubt that the defendant was guilty."

He also called attention to the further defect in the charge in requiring the corroborating testimony to tend to connect the defendant with the offense, rather than with the commission of the offense charged, and pointed out that in Walker v. State, supra, and Anderson v. State, supra, this particular deficiency in the charge did not exist.

The law as stated in Quinn v. State, supra, is applicable here, and under the facts of this case, the error in the use of such charge requires that the judgment be reversed.

We desire, in passing, to re-affirm what was said in the Quinn case regarding the use of forms such as in Brown v. State, 57 Tex. Cr. R. 570, 124 S.W. 101, and in Oates v. State, 67 Tex. Cr. R. 488, 149 S.W. 1194, eliminating from the latter the objectionable word "alone."

Campbell v. State, supra, is no longer "an approved form" of instruction on accomplice testimony, and in that regard is expressly overruled. Such we believe is the effect of prior holdings of this court condemning charges in the language there suggested.

In view of another trial, we suggest that in the event a similar charge is given on accomplice testimony as applied to George Mallick, there be added thereto a provision requiring the jury, from all the evidence, to believe beyond a reasonable doubt that the defendant is guilty.

We see no harmful error reflected by Bill of Exceptions No. 9 regarding the trial court's reading of a pamphlet to the panel from which appellant's jury was selected.

The trial court properly declined to submit the case as one of circumstantial evidence. The evidence of the accomplice witnesses is deemed sufficient to justfy such action.

Matters complained of in other bills of exception will not likely occur in the event of another trial, and are not therefore discussed.

The judgment is reversed and the cause remanded.

Opinion approved by the court.