614

## Arthur Day v. State.

No. 25,851. June 18, 1952.
Rehearing Granted October 29, 1952.

Hon. W. B. Browder, Judge Presiding.

*James E. Faulkner,* Coldsprings, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is cattle theft; the punishment, two years.

Whitton, the confessed accomplice, testified for the state that he and appellant, while on a hunting trip, saw the calf in question; that appellant shot the calf; they loaded it into appellant's car and carried it to appellant's home, where the animal was skinned. Whitton stated that he left the hide in appellant's

barn, a portion of the meat in appellant's house, and took the remainder of the meat in appellant's car and went over to the highway leading to Conroe, where he became engaged in beer drinking. Whitton related that, after following this pursuit for some time, he became involved in an automobile accident; that the officers who came to investigate noticed the meat and placed him in jail.

Whitton further testified that, on the following morning, he, accompanied by officers from Montgomery County who had him in custody, went to appellant's home in San Jacinto County, where they recovered the hide from appellant's barn and the remainder of the meat from within the house. Whitton further related that the officers had then carried the hide over to Mr. Tom Vann's house, where they fitted his brand into the brand appearing on the hide.

Officer Cotton, of Montgomery County, testified concerning the arrest of Whitton, the finding of the meat in the car, and the trip the following morning with Whitton to appellant's home in San Jacinto County. Cotton testified that upon their arrival he told appellant what Whitton had related to him concerning the calf and secured appellant's consent to search his premises, and that such search resulted in the finding of the hide and the meat. Cotton further corroborated the accomplice as to the fitting of the Tom Vann brand into the marks on the hide which came from appellant's barn.

Officer Smith, from Montgomery County, who accompanied officer Cotton and the accomplice Whitton to appellant's home, gave substantially the same testimony as the witness Cotton.

Sheriff Hogue, of San Jacinto County, testified that he arrived at appellant's home shortly after officers Cotton and Smith; that he secured appellant's consent to search his premises and, in the course of doing so, in company with the other officers, found the meat in appellant's house; and when he came out of the house he found that someone else had spread the hide out on the fence. Sheriff Hogue testified further that he and the other officers took the hide to the home of Tom Vann, where it was identified by him and his son C. L. Vann.

C. L. Vann, the alleged owner, testified as to the loss of a calf about the time charged in the indictment and identified the hide introduced in evidence by means of a comparison with the branding iron which had been used to brand the animal.

Mr. Vann's testimony was vague on the question of ownership, but appellant corrected any defect therein when he asked the witness, on cross-examination, the question, "Of course, that was your calf, Mr. Vann," to which the witness answered, "Yes sir."

Appellant did not testify nor did he offer any witnesses in his behalf.

Appellant filed no formal bills of exceptions, and we find that a great majority of his 82 informal bills present nothing for review, since they contain no exception to the ruling of the court in overruling appellant's objections.

Appellant requested several special charges, most of which were inaccurate statements of the law or were not raised by the evidence.

Appellant's principal cause of complaint seems to be that the Montgomery County officers were permitted to testify as to the result of their search of appellant's premises. He contends that they were outside their territorial and jurisdictional limits and, therefore, were not authorized to act in any capacity. The officers testified that the search was made with appellant's consent.

It should be borne in mind that the fruits of a search are admissible unless the search itself is illegal. It matters not whether the search is conducted by an officer or a mere citizen; if it is effected with the consent of the person in charge of the premises, then it is not illegal. This being true, we will view the acts of the Montgomery County officers as though they were mere citizens. The fruits of their search are admissible because consent was given to make the search. The jury, being the exclusive judges of facts proven and the credibility of the witnesses, had the right to accept the testimony of the officers concerning consent and reject that of the accomplice to the effect that the officers searched the premises before the appellant was awakened.

Appellant seems to be laboring under the impression that, since C. L. Vann did not have the brand in question recorded in his own name, any evidence as to such brand should have been excluded.

This seems to be the first time this question has been raised

in this court since 1943, and, in view of this, we deem it wise to discuss the history of the law relating to evidence of brands. Under Section 5 of the Acts of 1848, page 156, P. D. 4659, it was provided that, "No brands except as are recorded by the officers in this Act shall be recognized in law as any evidence of ownership, of the cattle, horses, or mules upon which the same may be used." Under such Act, it was the holding of this court that evidence of unrecorded brands was admissible in criminal prosecutions, but that the trial court was required to charge that such evidence might be employed for the purpose of identification only. Coffelt v. State, 19 Tex. App. 436.

By the Acts of 1913, page 129 (R. C. S., 1925, Art. 6899), the above provision was amended so as to provide that the same should not apply in criminal cases. The holdings of this court, under this Act, were to the effect that evidence of unrecorded brands was admissible in criminal prosecutions on the question of ownership as well as identity. Sullenger v. State, 79 Tex. Cr. R. 98, 182 S. W. 1140.

Article 6899 was amended by the Acts of 1943, 48th Legislature, Chapter 315, page 471, and no rule of evidence was announced in the amendment; and, as we view it, no change in the rules of evidence in criminal cases was effected by such amendment.

Under this state of the law, the decisions of this court subsequent to 1913 and prior to 1943 shall continue to control, and evidence of unrecorded brands is admissible, for what it may be worth, on the question of identity and of ownership.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

The trial court erred in his instructions to the jury concerning the testimony of the accomplice witness. This charge reads:

"I instruct you that the witness J. W. Whitton is an accomplice.

"Now, you are instructed that you cannot convict the defendant upon the testimony of said J. W. Whitton alone, unless

you first believe that his testimony is true, and connects the defendant with the offense charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, corroborative of the testimony of said J. W. Whitton tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged."

This form of instruction has been repeatedly and consistently held to be erroneous, and its giving has resulted in the reversal of many cases. Vices in the charge are apparent and are discussed in the cases cited. See Lightfoot v. State, 128 Tex. Cr. R. 281, 80 S.W. 2d 984, Quinn v. State, 136 Tex. Cr. R. 131, 123 S.W. 2d 890, Green v. State, 155 Tex. Cr. R. 43, 231 S.W. 2d 433, Schlesinger v. State, 121 Tex. Cr. R. 517, 50 S.W. 2d 319, Sealey v. State, 120 Tex. Cr. R. 260, 47 S.W. 2d 295, Spears v. State, 102 Tex. Cr. R. 86, 277 S.W. 142, Anderson v. State, 95 Tex. Cr. R. 386, 254 S.W. 986, Baggett v. State, 65 Tex. Cr. Rep. 425, 144 S.W. 1136. In Lightfoot v. State we said:

"We have written so often and so many times on the error of a charge like this that it would seem as if we might be relieved from the necessity of writing further. In Schlesinger v. State, 121 Tex. Cr. R. 517, 50 S.W. (2d) 319, we held an identical charge like this erroneous. In the Spears case, 102 Tex. Cr. R. 86, 277 S. W. 142, we called attention at length to defects in a similar charge. It would seem unnecessary to comment upon the defective character of a charge which told the jury they might convict upon the testimony of the accomplices if it 'tended to connect the defendant with the offense.' No man can be convicted upon testimony which merely connects him with an offense. There must be testimony before the jury which, if believed, makes him guilty beyond a reasonable doubt of the commission of the offense.***

"To tell the jury that they cannot convict upon the testimony of the accomplices 'alone,' as in the instant case, and then immediately proceed to say unless you believe there is other evidence corroborative of the accomplices tending to connect the accused, etc., is a direct contradiction of terms and must be confusing to the jury. We have so often said that the word 'alone' has no business in such a charge, that it seems needless to repeat it. We went over the same ground in Stovall v. State, 104 Tex. Cr. R. 210, 283 S.W. 850, Stanfield v. State, 84 Tex.

Cr. R. 437, 208 S.W. 532, and Anderson v. State, 95 Tex. Cr. R. 346, 254 S.W. 986"

The objections and exceptions to the charge on the accomplice testimony are quite involved and on original hearing were found insufficient and inadequate to direct the trial court's attention to the claimed error.

The charge being in a form so consistently and so often condemned by this court, we have now reached the conclusion that the exceptions are sufficient to present the error and that a reversal should be ordered.

Proof of joint ownership in C. L. Vann and his father was sufficient to sustain the allegations of ownership in C. L. Vann alone. See Branch P.C., p. 1318, Sec. 2440; Clark v. State, 26 Tex. App. 486, 9 S.W. 767; Whorton v. State, 68 Tex. Cr. R. 187, 151 S.W. 300.

In view of another trial we express the conclusion that, if the evidence be the same, the trial court should instruct the jury to acquit appellant if they believe or have a reasonable doubt thereof that the animal belonged to Tom Vann alone, and a similar charge to acquit if J. W. Whitton alone took and killed the animal without the aid, assistance, or encouragement of appellant.

Appellant's motion for rehearing is granted, the order of affirmance set aside, and the judgment is now reversed and the cause remanded.

Opinion approved by the Court.