DOROTHY MAE LYONS V. STATE

No. 31,454. February 3, 1960

40

*Lawrence Melcher*, Lubbock, for appellant.

*William J. Gillespie*, County Attorney, *J. Q. Warnick, Jr.* Assistant County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of beer in a dry area; the punishment, a fine of $300.00.

Liquor Control Supervisor Bowman testified that on the day in question, accompanied by other officers, he drove up to a house in the rural section of Lubbock County and, seeing a group of people standing out in the yard, asked who lived there and appellant answered that she did; that he told her he was with the State Liquor Control Board and wanted to look around, and that she told him to go ahead. He testified that inside the one refrigerator in the house he found six 12-ounce cans of beer and four 32-ounce bottles of beer, that in the back yard he observed two trails leading from the back yard in different directions, that he followed each trail in turn to its end and approximately 100 yards away he found a tub under a bush which contained seventeen bottles and five 12-ounce cans of beer "iced down," that the other trail led him approximately the same distance to a case of 32-ounce bottles and forty-eight 12-ounce cans of beer, and that he arrested appellant and brought her to jail.

On cross-examination, he stated that appellant did not mention anyone else living in the house with her and that there were one or two other houses in the vicinity, but it is impossible to tell from this record how far away they were.

Inspector Taylor corroborated a portion of Bowman's testimony and stated that the land back of the house where they saw appellant appeared to have been recently plowed and that the trails were therefore clearly discernible.

Appellant, testifying in her own behalf, stated that she

and her children lived in the house with two different married couples and their children, that she was inside the house preparing to take a bath when the officers entered, that they neither asked for nor received her consent to search, that the officers "didn't find any beer in the house at all, because I didn't have none for them to find," but that she did later see them bring some beer from "across the road," and that there were several houses near the house in which she lived and which was searched.

It is appellant's contention that the evidence is insufficient to support the conviction, and she relies upon several recent cases, among them being Maddox v. State 156 Tex. Cr. Rep. 151, 240 S. W. 2d 319; Crain v. State 160 Tex. Cr. Rep. 87, 267 S. W. 2d 553; Boyte v. State 160 Tex. Cr. Rep. 42, 272 S. W. 2d 100; Harris v. State, 163 Tex. Cr. Rep. 519, 294 S. W. 2d 123; and Corrisco v. State, 164 Tex. Cr. Rep. 515, 301 S. W. 2d 144.

It should be remembered that the case at bar was submitted to the jury on the law of circumstantial evidence and that it was within its province to disbelieve all of appellant's testimony.

In Maddox, the accused was not present when the search was made, and the room where the whisky was found was not shown to be under his control. In this case, appellant at the time of the search said she lived in the house and made no mention to the officers of anyone else living there.

In Crain, we found the evidence of the trail insufficient to show that accused exercised any control over the intoxicants found in the one-room house behind accused's house which was also a business establishment, because his patrons might have made the trails leading to the small house not shown to be within the same enclosure.

In Boyte, there were no trails; one of accused's close neighbors had been in trouble with the law over intoxicants, and yet we found the evidence sufficient to support the conviction under a circumstantial evidence charge.

In Harris, no intoxicants were found in the house, and those that were found were over a fence across the road; no tracks were found crossing the road, and neighbors were shown to reside nearer the cache than accused.

In Corrisco, there was no trail, and the pasture where the intoxicants were found was not part of the curtilage of accused's home.

We have concluded that the recent tracks, the facts that appellant admitted living in the house and consented to the search, the fact that some of the beer was iced down, and the fact that no other houses were shown to be in the immediate vicinity were sufficient to support the jury's finding that the beer belonged to appellant.

The judgement is affirmed.