**Billy TEAGUE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38095.**

Court of Criminal Appeals of Texas.

June 16, 1965.

Theo Pat Henley, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway and Richard M. Casillas, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of marihuana; the punishment, two years.

San Antonio Vice Squad Detectives Hancock and Sanders testified that they were assigned to "stake out" a certain house outside the city limits on the night in question and that by using binoculars they were able to observe appellant and another person make at least two trips from the house in question to a Cadillac automobile which had been backed into a well lighted carport. On one of the trips from the house to the opened rear deck or turtle of the Cadillac, the officers were able to observe appellant carry and place in the turtle a sawed off shot gun. Soon thereafter, appellant and a female emerged from the house and got in the Cadillac and drove away, and they followed at a discreet distance. Some three miles later appellant turned the Cadillac around and parked it on the left shoulder of the highway; the officers drove up and observed steam coming from the motor. They stated that they approached the Cadillac and inquired about appellant's trouble, at which time another policeman also approached the Cadillac and asked appellant's permission to look in the turtle and that after securing appellant's consent and by means of the keys voluntarily furnished him by appellant, he opened the turtle. In the turtle they found the sawed off shot gun, a loaded pistol and a Prince Albert tobacco can partially concealed under the floor mat in the turtle and a self rolled cigarette nearby. Since they were outside the city limits, they called the Bexar County Sheriff's Department and Deputy Kates arrived and took the above named objects in his possession. Lt. Carreon, also of the Sheriff's Department, testified that when he arrived at the scene, Deputy Kates turned over to him the Prince Albert can which contained a quantity of dried weed and two cigarettes which appeared to be marihuana, together with the weapons. The chain of custody was shown, and Chemist Maupin testified that the "dried weed" and two cigarettes were marihuana.

Appellant, testifying in his own behalf, admitted owning the Cadillac in question and the sawed off shot gun, but denied any knowledge of the pistol or the tobacco can or the cigarettes and denied that he had given the officers consent to search the Cadillac. He also offered testimony to the effect that the turtle of the Cadillac could be opened without using a key.

The court in his charge submitted the contested issue of consent to search to the jury, and they resolved the issue adversely to appellant as did the jury in the recent case of Lyons v. State, 169 Tex.Cr.R. 39, 331 S.W.2d 329.

It matters not that the city officers were outside the corporate limits of the city. Day v. State, 157 Tex.Cr.R. 614, 252 S.W.2d 180.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.