**Clarence James WASHINGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41515.**

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

Rehearing Denied Dec. 11, 1968.

Lamar Carnes, Court Appointed, John E. Kolb, Houston, Court Appointed, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

In his first ground of error appellant complains of the admission into evidence of latent fingerprints lifted by the police from the right vent glass of the taxicab in which the alleged robbery took place following its recovery and testimony concerning comparison of the same with known prints of the appellant taken while in custody.

Appellant urges that at the time the appellant's prints were taken for the purposes of comparison he was under illegal arrest, but if legal, he was nevertheless without the benefit of counsel and was not warned of his privilege against self-incrimination. The last set of prints was taken after the trial began.

■ Appellant fails to point out why he considers his arrest illegal, and Harrington v. State, Tex.Cr.App., 424 S.W.2d 237; De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668; Travis v. State, Tex.Cr. App., 416 S.W.2d 417; Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Dennison v. State, Tex.Cr.App., 399 S.W.2d 365; Gage v. State, Tex.Cr.App., 387 S.W.2d 679, have all been decided adversely to his other contentions. Further, we do not find a violation of appellant's privilege against self-incrimination. Harrington v. State, supra; See also United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021; 8 Wigmore,

Evidence, Sec. 2265 (McNaughton, Rev. 1961).

We do not deem Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, the only authority cited by appellant, as controlling or applicable.

■ The record also belies appellant's claim that a proper chain of custody of the latent prints lifted was not shown.

Ground of error #1 is overruled.

■ In view of the testimony of the accomplice witness who related that he actively participated with the appellant in the robbery of the complaining witness, a taxicab driver, the court did not err in failing to charge, as requested, upon the law of circumstantial evidence. 31 Tex.Jur.2d, Instructions, Sec. 123, p. 688; 4 Branch's Anno.P.C. 2nd Ed., Sec. 2555, pp. 888–889; Barber v. State, Tex.Cr.App., 69 S.W. 515; Oakley v. State, Tex.Cr.App., 214 S.W.2d 298; Green v. State, 155 Tex.Cr.R. 43, 231 S.W.2d 433; White v. State, Tex.Cr.App., 385 S.W.2d 397.

Ground of error #2 is overruled.

■ Lastly, appellant complains the trial court erred in refusing to allow him to testify in absence of the jury following the guilty verdict and prior to the penalty stage of the proceedings. Appellant offered to testify that he was without counsel at the time of the prior conviction alleged for enhancement and the other two Alabama felony convictions which the State intended to use to show appellant's prior criminal record. See Article 37.07, Vernon's Ann.C.C.P. After an examination of the judgments and sentences of such prior convictions which reflected that appellant was represented by counsel the court refused to permit appellant to testify. We perceive no error. Appellant's testimony before the court would have only raised a fact issue which would have had to be determined by the jury. Appellant

subsequently made no effort to raise such issue before the jury at the penalty state of the proceedings.

Ground of error #3 is overruled.

The judgment is affirmed.