**Chickyee Millar TSOI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45178.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Dec. 20, 1972.

Second Rehearing Denied Jan. 31, 1973.

Percy Foreman, Richard M. DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is rape; the punishment, twenty (20) years.

Appellant's first two grounds of error challenge the sufficiency of the evidence to support the conviction. The prose-

cutrix, a 21 year old University of Houston student, who had placed an ad for a roommate in the University newspaper about two weeks earlier and received a phone call concerning it from a man with a heavy accent, testified that, while alone in her apartment on the day in question, she responded to a knock on the door and was confronted by the appellant who was wearing a grocery sack which covered his head and all of his face except the bottom half of his glasses, his nose and his chin. The appellant forced her at gun point to submit to participation in acts of sodomy and an act of intercourse. She testified that she was able to see his entire face for 5 or 10 seconds "between the time I opened the door and he pushed his way in and turned me around." She testified that during the 45 minutes the appellant remained in her apartment, though she was blindfolded, she was able to determine that the appellant was slightly built, had heavy whiskers on his upper lip and hair seemingly cut to the same length all over his head. When she was able to escape from him she made immediate outcry and later positively identified the appellant at the police lineup in which three men of Oriental origin were displayed to her. Appellant's first two grounds of error are overruled.

Appellant's third through seventh and fifteenth grounds of error contend the court erred in admitting evidence of a subsequent dissimilar extraneous offense which did not show flight, identity or intent. Rosiland Ellis testified over defense objection that the appellant, who she positively identified, forced his way into her apartment on January 5, 1970, and assaulted her at gun point. This assault occurred three days after the attack on the prosecutrix and, though in the same city, was at some distance from her home. We need not reach the question of whether Ellis' testimony constituted inadmissible extraneous matters because of the particular manner in which the evidence appears in the record.

On direct examination, State's witness Ellis testified that she had given a statement concerning the attack to the defense attorney. On cross-examination, the defense attorney established that the interview with the witness had been tape recorded.

Then during redirect examination, the following exchange occurred:

"Q  Well, reckon Lawyer Wilson [appellant's counsel] still has that tape?

"A  Oh, I am certain he does.

"Q  And so the tape contains the conversation that you had?

"A  Yes, it does.

"MR. WILSON: Your Honor, I hereby tender the tape to counsel for the State for whatever use he cares to make of it.

"MR. BODIFORD: I am going to offer it to the jury, and I would like defense counsel to produce his tape recorder too.

"MR. WILSON: I will be glad to, but I don't happen to have it with me. We'll be glad to bring it in tomorrow."

\*    \*    \*    \*    \*    \*

"MR. WILSON: Mrs. Ellis can listen to the tape and see if she recalls it. If it is material to any issue in the case, we certainly have no objection to it."

The next day after the tape was apparently produced,[1] the following colloquy occurred:

"MR. BODIFORD:  . . . —I guess the State will just offer the tape into evidence at this time.

"THE COURT: All right, I thought you all had agreed on it yesterday.

"MR BODIFORD: Yes, sir, I just didn't know whether we wanted it to stay permanently in the record or not.

---

1.  The tape was later played to the jury.

Considering it is Mr. Wilson's tape recorder, that is to be considered also.

"MR. WILSON: Your Honor, as long as he doesn't offer my tape recorder in evidence, I don't mind the tape because it is a permanent tape, it is not an erasable tape. And we are agreeable to having it in evidence in this case and are willing to loan the Court and Mr. Bodiford our tape recorder until the conclusion of the case."

■ We have examined the record carefully and conclude that in actively participating in the presentation of the evidence concerning the extraneous offense, the appellant waived his right to complain about the admission of the evidence concerning the same. Although the State elicited the initial testimony concerning the interview, it was the defense that brought out the fact that it was tape recorded. No error is presented. 5 Tex.Jur.2nd, Sec. 446, p. 704.

Appellant's remaining grounds of error relate to the legality of his arrest.

University of Houston police officers, in response to a call, went to the apartment of one Cynthia Louie who reported she had received a telephone call similar to one received by the prosecutrix. While in the area they encountered the appellant. Following a search of his automobile, during which the officers found some paper sacks, they accompanied the appellant, with his consent, to the apartment where he resided. They were admitted to the apartment by a young lady and it was there that, by chance one of the officers found a note near the telephone, which he was using with the young lady's consent, that bore Cynthia Louie's apartment number and address.

■ Appellant first contends that since the University of Houston officers who arrested the appellant were "off campus" at the time they contacted the appellant that they were, therefore, acting outside their territorial jurisdiction,[2] that the arrest and search of his automobile was unlawful. In Day v. State, 157 Tex.Cr.R. 614, 252 S.W.2d 180, we were dealing with a search by officers who were allegedly outside their territorial and jurisdictional limits. There we said:

"It should be borne in mind that the fruits of a search are admissible unless the search itself is illegal. It matters not whether the search is conducted by an officer or a mere citizen; if it is effected with the consent of the person in charge of the premises, then it is not illegal."

Cf. United States v. Antonelli, 2 Cir., 434 F.2d 335.

Appellant also contends the officers unlawfully searched his automobile and apartment. The University of Houston police officers testified, in the absence of the jury, that the appellant agreed to a search of his automobile. Nothing found in the course of the search was introduced in evidence. Nothing taken from the person of the appellant was introduced in evidence. The officers did testify that they observed several unused grocery sacks in the trunk of his automobile, but the sacks were not introduced in evidence.

At the conclusion of the hearing, in the absence of the jury, the court found that the officers acted with the consent of the appellant.

We further find that no issue was raised in the evidence concerning the validity of the consent given to the officers and no request that such issue be submitted to the jury was made. The same situation exists concerning the note on the telephone pad. The officers testified that they entered

2. This encounter with appellant occurred on February 9, 1970, prior to the effective date of the Amendment to Art. 2.12, Sec. 9, Vernon's Ann.C.C.P.

with the consent of the young lady in charge of the apartment. No issue was raised as to this consent being freely given and the court so found.

It would actually be unnecessary for us to determine the legality of the matters appellant raises since he testified fully about his encounter with the officers, the search of his automobile and the officers' visit to his residence. Recently in Batiste v. State, Tex.Cr.App., 464 S.W.2d 149, we said:

"We need not pass upon the legality of this search because appellant testified and gave his version of the arrest and . . ."

In Young v. State, Tex.Cr.App., 422 S.W.2d 444, we said:

"We need not pass upon the legality of the search, in view of appellant's admission while testifying in his own behalf that the pistol was under the front seat of his automobile and that the other guns were on the back seat."

In Baity v. State, Tex.Cr.App., 455 S.W.2d 305, we said:

"We need not decide that question for the appellant, testifying in his own behalf, related on direct examination that he had stated to the officer he had a money box in his possession and that it had come from the Piccadilly Cafeteria. Appellant cannot complain of the improper admission of testimony which he later voluntarily offers himself and expounds upon."

See also Parker v. State, Tex.Cr.App., 384 S.W.2d 712, and Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, Bradley v. State, Tex.Cr.App., 478 S.W.2d 527, Jones v. State, Tex.Cr.App., 484 S.W.2d 745 (1972).

Appellant's remaining grounds of error are overruled.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

Rehearing denied.

ROBERTS, Judge (dissenting).

The majority overrules the appellant's motion for rehearing without written opinion.

I cannot agree with the majority's disposition of the extraneous offense issue. The subsequent extraneous offense fails to meet the standards of admissibility established by this Court. See Ford v. State, 484 S.W.2d 727 (Tex.Cr.App.1972) and Newman v. State, 485 S.W.2d 576 (Tex. Cr.App.1972). Further, I object to the Court's holding that appellant "waived" his right to complain about the admission of this testimony. I would grant the appellant's motion for rehearing.